HELEN L. EATON *vs.* ARTHUR J. FOLLETT, City Treas.

MARCH 7, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Municipal Corporations.   Excavating Street.   Negligence.*

It is negligence for a municipality to fail to supervise the work of refilling excavations in a sidewalk when the excavating and refilling is done for the purpose of repairing and improving the street, by order of the municipality. To establish liability it is unnecessary to show that the city had notice that the work was not properly performed.

*(2) Municipal Corporations. Streets. Negligence. Independent Contractors.*

The statute having cast upon cities and towns the duty of repairing and amending their highways, so that the same may be safe and convenient for travelers, a municipality cannot by employing an independent contractor to make repairs escape liability for injuries which result from the negligence of the contractor in rendering a portion of the street unsafe and then leaving the defective place, unguarded.

*(3) Municipal Corporations. Streets. Negligence.*

Where excavating and refilling in a sidewalk is being done by a municipality, throught an independent contractor, instruction that the municipality was not liable for injury to plaintiff by falling into a hole in the sidewalk, unless the municipality could by reasonable supervision have discovered the dangerous condition of the sidewalk, was proper.

TRESPASS ON THE CASE for negligence. Heard on exceptions of defendant and overruled.

RATHBUN, J.    This is an action of trespass on the case for negligence against the city of Woonsocket to recover damages sustained by the plaintiff by falling into a hole in a sidewalk on Snow street within said city. The trial in the Superior Court resulted in a verdict for the plaintiff for $4,000 and the case is before us on the defendant's exceptions as follows: To the decision of the trial justice denying the defendant's motion for a new trial; to certain remarks of said justice in the course of the trial; to rulings excluding evidence and to a refusal to instruct the jury as requested.

The defect was caused by the removal of a large tree at the edge of the sidewalk. The hole into which the plaintiff fell was an old cistern covered with flagstones. The street had at some time been widened, with the result that the sidewalk was constructed over the cistern, and the existence of the cistern had long since been forgotten. It seems most probable that the pulling over of the tree so disrupted the side walls that the stones covering the cistern, and also the surface of the sidewalk above, fell into the hole. The tree was removed for the city by Charles W. Morey, an independent contractor, over whose help the city exercised no control. The city, by its commissioner of highways, acting at the direction of the Board of Aldermen, entered into a contract with Morey whereby he agreed to remove nine trees for a

stipulated price.   The city in accordance with the terms
of the agreement furnished a steam roller and operator to
pull over the trees, after excavations were made around
them, and also provided teams for hauling dirt with which
to fill up the holes, but it appears that Morey had charge
of all work including that done by the steam roller and the
teams supplied by the city.

The city contends that it is not liable because the work
was done by an independent contractor and also because, as
it contends, it had no notice, either actual or constructive,
of any defect in the sidewalk.

The removal of the last tree rendered the sidewalk unsafe.
There was some dispute as to the date on which the tree
was removed.   The accident occurred during the evening
of the 16th of October, 1919.   The testimony for the plain-
tiff tended to show that the tree was removed before 2 o'clock
on the afternoon of said day.   Mrs. Prew, whose house and
lot abutted on said street about opposite to the place where
the accident occurred, testified that Mr. Morey, at about
2 p. m. on said date, invited her to view the cistern which
had, apparently by the removal of the tree, been exposed;
that she did so and saw within the line of the sidewalk the
cistern, which she described as a very deep hole with side-
walls, and that she also saw openings, as wide as the length
of an ordinary lead pencil, between the flagstones which
partially covered the cistern.   She testified that Mr. Morey
requested permission to use her telephone for the purpose
of informing the Commissioner of Highways of the existence
of the cistern; that he used her telephone but that she did
not know with whom he spoke or what information, if any,
he communicated.   Mr. Morey admitted that he used Mrs.
Prew's telephone several times but denied that he ever saw
the cistern.   He testified that the work of removing trees
and filling up the holes was completed several days before
the accident occurred.   This conflict raised the most im-
portant issue of fact which was presented.   We think the
evidence warrants a finding that the work which Morey

was hired to do, and did, not only rendered the sidewalk unsafe, but disclosed the existence of the cistern. It is clear that he did not fill up the cistern, but whether he covered· over the hole with dirt or assumed that someone from the highway department would do the necessary filling does not appear. At the time of the accident the sidewalk was open for travel and no lights were placed there to warn pedestrians of the danger.

There was no proof that the city had actual notice of the defect and it is unnecessary to consider whether it had existed for a length of time sufficient to constitute constructive notice. *Seamons* v. *Fitts*, 20 R. I. 443, 21 R. I. 236, was a case against a town for damages caused by a defective highway. It appears that a water company dug a trench in a highway for the purpose of relaying a water pipe. Thereafter the feet of the plaintiffs' horse sank to a considerable depth into the dirt, which had been improperly replaced in refilling the excavation, with the result that the plaintiffs were injured. The surveyor of the highways knew that the street was being excavated but exercised no supervision of either the digging or refilling and the town had no other notice either actual or constructive. The court (in 20 R. I. at 445) said: "If, then, the surveyor of highways of the district in which the accident occurred had knowledge that the East Greenwich Water Supply Company was making the excavation and neglected to supervise the work to ensure that it was properly done, and in consequence of its being improperly done the accident occurred, his neglect is to be regarded as the neglect of the town and the town is liable for the damages which have resulted." If the failure of a surveyor of highways to supervise the work of refilling an excavation, which he knows is being made by a public service corporation having a right to dig up the streets, is negligence on the part of a town, *a fortiori* it is (1) negligence for a municipality to fail to supervise the work of refilling excavations in a sidewalk when the excavating and refilling is done, for the purpose of repairing and im-

proving the street, by order of the municipality.   Section 1 of Chap. 96, G. L. 1923, is as follows:   "All highways, causeways and bridges, except as is hereinafter provided, lying and being within the bounds of any town, shall be kept in repair and amended, from time to time, so that the same may be safe and convenient for travelers with their teams, carts and carriages at all seasons of the year, at the proper charge and expense of such town."   The word "town" is a generic term and when used in the statutes includes city, unless a different intention is expressed. Sec. 8, Chap. 32, G. L. 1923.   The statute, having cast upon

(2) cities and towns the duty of repairing and amending their highways, "so that the same may be safe and convenient for travelers", and also given a right of action for injuries suffered by reason of the neglect of such duty, (Sec. 12 of said chapter 96) a municipality can not, by employing an independent contractor to make repairs, escape liability for injuries which result from the negligence of the contractor in rendering a portion of the street unsafe and then leaving the defective place unguarded.

The Commissioner of Highways knew the sidewalk was being excavated.   He contracted with Morey to do the work and knew that it was being performed.   His failure to supervise the work of refilling and to take precautionary measures to protect travelers from falling into the cistern, which the excavating rendered dangerous, was negligence of the city.   To establish liability it was unnecessary to show that the city had notice that the work was not properly performed.   The negligence consisted, not in the failure to repair after actual or constructive notice of a dangerous condition, but in the failure of the Commissioner of Highways, after directing that the excavations be made, to supervise the work.   The evidence warrants a finding that, by so doing, he would have known that the work was not properly performed and would have had an opportunity, either to restore the street to a safe condition or guard the opening for the protection of travelers.   *Seamons* v. *Fitts*,

*supra; Hutchinson* v. *Clarke,* 26 R. I. 307; *Perry* v. *Sheldon,* 30 R. I. 426; *Watson* v. *Tripp,* 11 R. I. 98; *Williams* v. *Tripp,* 11 R. I. 447; 28 Cyc. 1284. See also *Sanford* v. *Pawtucket St. R. R. Co.,* 19 R. I. 537, which is in harmony with the above stated rule.

The evidence excluded, tending merely to show that the city exercised no control over the men who did the work, was immaterial. The remarks of said justice to which exception was taken were clear statements of legal rules which we have herein held were applicable to the case. The requests for instructions to the denial of which exceptions were taken—so far as relevant to the evidence in the case and not fully covered in the general charge—were based upon the assumption that the defendant was not liable unless it had either actual or constructive notice of the defect. We have pointed out that the law is otherwise.

The justice carefully instructed the jury that there was no liability unless the city could, by reasonable supervision, (3) have discovered the dangerous condition of the sidewalk— and the jury must have found that the removal of the tree disclosed the existence of the cistern and that had the Commissioner exercised a reasonable supervision over the work he would have learned of the dangerous condition and had an opportunity to fill the hole or guard it for the protection of travelers. The evidence clearly warrants such a finding. The damages awarded are not excessive. Had the statute not limited the liability of municipalities for personal injuries in such cases to $4,000, (Sec. 18, Chap. 47, G. L. 1923) a larger award might perhaps have been justified. We find no reason for disturbing the verdict which has the approval of the trial justice.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment on the verdict.

*James H. Rickard,* for plaintiff.

*Ovila Lambert, City Solicitor,* for defendant.