[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before the Court is Attorney General James E. O'Neil's (hereinafter "defendant") R.C.P. 12(b)(6) motion to dismiss Anne E. Bradley's (hereinafter "plaintiff") complaint against him in his capacity as Attorney General for the State of Rhode Island.
STATEMENTS OF FACTS
On or about June 3, 1989, plaintiff was a pedestrian upon a public sidewalk located on Route 103, at or near Four Hundred Thirty-Four (434) Willett Avenue, in the City of East Providence. Plaintiff's complaint alleges that as a result of the State of Rhode Island's (hereinafter "the State") negligence in controlling, supervising, or otherwise maintaining said sidewalk, she tripped and fell, thereby sustaining injuries. Plaintiff's complaint further alleges that the State was under a duty to maintain the condition of the sidewalk in a safe manner and free from all defects. Consequently, plaintiff has filed the present action against defendant (Plaintiff's complaint also alleges that the Providence Gas Company was negligent for failing to properly control a certain utility shut-off located at the Willett Avenue location, a matter not presently before this Court).
Before the Court is the defendant Attorney General's motion to dismiss. Defendant asserts several reasons in moving for dismissal. First, defendant asserts that the duty to maintain sidewalks is delegated by law to the municipality wherein the sidewalk is located. Therefore, defendant contends that the State cannot be liable for an alleged breach of a duty to maintain that which the City of East Providence was obligated to maintain. Defendant's second contention is that even if this Court finds that the State was under a duty to maintain the Willett Avenue sidewalk, the doctrine of sovereign immunity operates as a bar to plaintiff's recovery. Finally, defendant contends that in his capacity as Attorney General for the State, he is not a proper party to the suit and should therefore be dismissed.
ANALYSIS
Pursuant to R.I.G.L. 1956 (1989 Reenactment) § 24-5-1, the duty to maintain and otherwise keep in repair any highway, causeway, or bridge is delegated to that town wherein said highway or structure is located. This statute has been held to apply to cities. Eaton v. Follett, 48 R.I. 189, 136 A. 437
(1927). Furthermore, § 24-5-1 imposes upon the municipality the duty to maintain sidewalks. Barroso v. Pepin, 106 R.I. 502,261 A.2d 277 (1970).
It is clear, then, that it is the municipality wherein the sidewalk is located, and not the State, which has the obligation to maintain its sidewalks in a safe and passable manner. It follows therefore, that the municipality, and not the State or one of its agents, should shoulder the responsibility for a corresponding breach of this duty. See, Barroso, 106 R.I. at 508, 261 A.2d at 280.
The State's lone duty mandated by § 24-5-1 is to annually clean the state highways, causeways, and bridges. Plaintiff's complaint does not allege that her injuries resulted from a breach of this duty. Rather, plaintiff alleges that her injuries were a direct result of the State's negligence in failing to maintain a safe passage along the Willett Avenue sidewalk.
It is axiomatic that tortious liability will not attach where there is no duty owed the plaintiff. Since the State did not have a duty to maintain the Willett Avenue sidewalk neither it, nor defendant herein, can be held liable to plaintiff for any injuries sustained in a fall upon a sidewalk located within the City of East Providence. Accordingly, with respect to defendant O'Neil, plaintiff has failed to state a claim upon which relief can be granted. Thus, defendant's motion to dismiss, pursuant to R.C.P. 12(b)(6), is hereby granted.
Counsel shall prepare the appropriate judgment for entry.