ARMANDA M. CHILD *vs.* CHARLES W. GREENE, Town Treasurer.

FRANK C. CHILD *vs.* SAME.

JULY 2, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. These two actions of trespass on the case for negligence were brought by a husband and wife against the town of Warren to recover damages resulting respectively to each from personal injuries sustained by the wife as a result of a fall caused by stepping into a hole in a sidewalk in said town. The cases are here on exceptions of each plaintiff to a ruling directing a verdict for the defendant in each case.

The accident happened on the westerly sidewalk of Main street in said town. The defendant contended that it was not liable because said street had become a part of the State highway system, and because the State Board of Public Roads had, before the accident occurred, rebuilt said street and in doing so, assumed a certain jurisdiction over said street from the occupation line on one side to the occupation line on the other.

The ruling of the trial justice was based upon *Pooler* v. *Burton*, 40 R. I. 249, in which it was held that a town owed no duty to maintain at the side of a State road a railing to protect persons from driving off the road and down a steep embankment. In that case the accident happened in a rural section where no sidewalk existed; and no question as to failure to keep a sidewalk in a safe condition for travelers was involved.

In the case before us the only question is one of legislative intent. Did the general assembly in providing for a State highway system intend to relieve the towns of the duty imposed by Section 1 and 12 of Chap. 96 and Section 16 of Chap. 47, G. L., 1923, to keep the adjoining sidewalks safe for travelers?

Before Main street was rebuilt by said board as a part of the State highway system the duty rested upon the town to keep the entire street, including its sidewalks, in reasonably safe condition. *Quinn* v. *Stedman*, 50 R. I. 153. After the rebuilding of said street as aforesaid it was the duty of said board to keep in repair the part thereof used for travel with vehicles.

We find no statute which specifically relieves the towns of the obligation to repair sidewalks or imposes the duty on another. However, in view of the legislation giving broad powers to said board it might, except for Chapter 1224, P. L., 1928, be considered a debatable question whether towns have the duty to repair sidewalks adjoining State roads; but we think that an inference must be drawn from the language of said chapter that the general assembly did

not intend to relieve towns of the duty to keep sidwalks adjoining State roads safe for travelers.

Said chapter authorizes town councils to order that sidewalks and curbing be made and laid in their respective towns and provides that one-half of the costs thereof shall be paid by the abutting owner and the other half by the town. Section 8 of said chapter is as follows: "Sec. 8. Nothing herein shall be held to oust the state of jurisdiction over any such sidewalks and curbing as may be made, laid or constructed upon state highways within said town, but no such sidewalks or curbing on state highways shall be made, laid or constructed without the approval of the state board of public roads first being had and obtained as to feasibility, location, type and time of construction."

It is clear from said section, construed in connection with the other sections of said chapter, that the General Assembly intended to authorize towns to construct sidewalks adjoining State highways. The general purpose of said chapter appears to be to enable towns to cause sidewalks and curbing to be made and laid, and to give towns a general control over their sidewalks. By said section 8 the General Assembly recognized that it was necessary that said board be authorized to exercise a certain jurisdiction over the building of sidewalks adjoining State highways in order that the general plan for building, repairing and draining said highways be not frustrated or seriously interfered with.

The General Assembly having authorized towns to construct, subject to the approval of said board, sidewalks adjoining State highways, it is our conclusion, in the absence of legislation showing a contrary intention, that it was not the legislative intent to relieve towns of the duty to keep sidewalks, although adjoining a State highway, in safe condition for travel.

The exception of each plaintiff is sustained and each case is remitted to the Superior Court for a new trial.

SWEENEY, J., dissenting. I am constrained to dissent from the majority opinion because I am convinced that the trial justice of the Superior Court was required to direct a verdict for the defendant in accordance with the law as stated in the opinion of this court in the case of *Pooler* v. *Burton, Town Treas.*, 40 R. I. 249, as applied to the undisputed facts in this case which are as follows. The plaintiff, Mrs. Child, was injured April 6, 1929, while walking on a sidewalk on Main street in the town of Warren. Main street was adopted as part of the State highway system in 1903. The testimony of the engineer is that the State took Main street from occupation line to occupation line, that is, the entire width of the street was taken, the sidewalks as well as the roadbed. The accident to Mrs. Child happened soon after the State Board of Public Roads had made extensive improvements to Main street.

In *Pooler* v. *Burton, supra,* the question under consideration was whether the town of Johnston was liable for an accident which had occurred on a State highway outside of the part of the highway which had been improved by the State. The court said: "The intention of the Legislature seems to be clear, that State roads should be directly under the control of the State and that, with the exception of the removal of snow and ice, the responsibility for the proper repair and maintenance of the *entire* State highway rests upon the State, and not partly upon the State and partly upon the towns and cities, as claimed by the plaintiff", and held that the town was not liable to the plaintiff.

In the instant case the majority opinion states "that except for Chapter 1224, P. L., 1928, (it might) be considered a debatable question whether towns have the duty to repair sidewalks adjoining State roads . . ." It appears to me that this chapter has no application to the facts in this case. It is merely a permissive statute. It imposes no duty upon a town; it simply authorizes the town council of any town to order sidewalks made upon any public highway in the town. Clearly, until a town council has

duly ordered a sidewalk constructed there is no liability imposed upon the town. The sidewalk upon which the plaintiff was injured was not ordered constructed by the town council of Warren. It was made long before the passage of said chapter 1224. *Quinn* v. *Stedman*, 50 R. I. 153, cited by the majority opinion was an action for damages sustained on a cement sidewalk in a town on a highway which was not a state highway.

For the reasons given I am of the opinion that the ruling of the trial justice should be sustained.

*Gardner, Moss & Haslam, Owen P. Reid, W. Vincent Sumpter,* for plaintiffs.

*Frank F. Pinkos,* Town Solicitor of Warren, for defendant.