## TOWN OF LINCOLN

v.

## STATE of Rhode Island et al.

No. 97–122–Appeal.

Supreme Court of Rhode Island.

May 4, 1998.

Dennis Y. Grieco, James P. Marusak, Providence, for Plaintiff.

Rebecca Tedford Partington, Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This appeal concerns a municipality's duty to repair sidewalks adjacent to state highways located within the municipality and its ability to obtain reimbursement from the State for its costs in doing so. The plaintiff, the town of Lincoln (town), appeals from a Superior Court order dismissing the town's claims against the State of Rhode Island and the Rhode Island Department of Transportation (collectively the State). The town filed a complaint, seeking a declaratory judgment and damages for amounts it expended to repair a sidewalk in front of St. Ambrose Church on School Street in the town. The town contends that upon receiving notice that the sidewalk was in a dangerous condition and in need of repair, it thereafter sought to have the State repair the sidewalk pursuant to G.L.1956 § 24–8–9. When the State refused to repair the sidewalk, the town made the needed repairs and filed this action, seeking reimbursement.

The State moved to dismiss the town's complaint pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure. It asserted that the duty to maintain sidewalks lies with the municipality and not with the State. The town objected to the State's motion to dismiss and filed a cross-motion for summary judgment. A Superior Court motion justice granted the State's motion to dismiss. The town thereafter filed a timely notice of appeal. We ordered the parties to show cause why the appeal should not be disposed of summarily. None having been shown, we proceed to affirm the motion justice's dismissal of the complaint.

On appeal the town argues that the State has an affirmative duty to maintain and repair sidewalks adjacent to state highways. It relies on the case of *Verity v. Danti*, 585 A.2d 65 (R.I.1991), suggesting that this Court held there that the State had a duty to maintain a sidewalk adjacent to a state highway. The town also contends that pursuant to § 24–8–9 and G.L. 1956 § 37–5–2 the director of transportation has an affirmative duty to maintain and repair sidewalks.

Section 24–8–9 provides:

"The director of transportation *shall have the power and authority* to alter, *to maintain*, to keep in good condition, to remove ice and snow therefrom, to remove posts, steps and any other obstructions therein, to regulate the placement, structure, and alteration of curbs constructed adjacent to state roads, to regulate the height, size, and shape of awnings, signs, and any other structures which project over all curbs and *all sidewalks now constructed*, in the process of construction or to be constructed *on state roads; except, on* portion or *portions of state roads in cities or towns where the territory contiguous thereto is closely built up.*" (Emphases added.)

Section 37–5–2(a) provides in pertinent part:

"The department [of transportation] *shall maintain* and construct highways, *roads*, freeways, bridges, *and incidental structures*, and shall make rules and regulations regarding the use of highways, roads, freeways, bridges, and structures." (Emphases added.)

The town contends that the use of the word "shall" in § 24–8–9 and § 37–5–2 indicates the Legislature's intent to mandate that the State and the Department of Transportation maintain and repair sidewalks adjacent to state highways. Finally, the town suggests that the Legislature enacted § 24–8–9 in response to this court's decision in *Child v. Greene*, 51 R.I. 477, 155 A. 664 (1931), and intended to abrogate *Child* by placing an affirmative duty on the State to maintain sidewalks bordering state roads.

We are not persuaded by plaintiff's arguments. First, municipalities themselves have a statutory duty to maintain at their expense all highways located within their borders as provided in G.L.1956 § 24–5–1(a):

"*All highways*, causeways, and bridges, except as provided by this chapter, lying and being *within the bounds of any town, shall be kept in repair* and amended, from time to time, so that the highways, causeways, and bridges may be safe and convenient for travelers with their teams, carts, and carriages at all seasons of the year, *at the proper charge and expense of the town*, under the care and direction of the town council of the town, provided that the state shall be responsible for the annual cleaning of all sidewalks on all state highways, causeways, and bridges." *Id.* (Emphases added.)

In *Barroso v. Pepin*, 106 R.I. 502, 261 A.2d 277 (1970), this Court held that this duty of municipalities to maintain highways extends to sidewalks contiguous thereto:

"Section 24–5–1 requires the municipalities to maintain the highways in full, *including the sidewalks*. * * * It appears to be well settled in this state that the liability of a municipality to keep its sidewalks safe is established by statute. In *Child v. Greene*, 51 R.I. 477, 155 A. 664, this court held in express terms that the duty to maintain sidewalks in a state of repair suitable for the passage of the public was imposed by statute, citing a statute which is predecessor to § 24–5–1. We conclude that while a municipality is not an insurer with respect to the condition of the sidewalks, it has the duty to exercise due care to keep such walks in a reasonably safe condition for travel." 106 R.I. at 508, 261 A.2d at 280. (Emphasis added.)

Given this duty of municipalities to maintain and repair sidewalks within their borders, we conclude that even if the town can establish that the State also has some duty to maintain the sidewalk in front of St. Ambrose Church,[1] that duty would not necessarily commit the State to reimburse the town for repairs to the sidewalk made by the town. To be sure, the State has the authority to relieve a municipality of its road-maintenance obligations by expressly assuming such duties—for example, by executing a construction and maintenance agreement as was done in *Pullen v. State*, 707 A.2d 686 (R.I. 1998). But until the State does so, the town is obliged to repair sidewalks within its bailiwick. In *Pullen* we held that "the state assumed the responsibility and duty that otherwise would have been imposed upon the

---

1. We note, without expressly deciding, that this stretch of School Street might fall within G.L. 1956 § 24–8–9's "closely built up" proviso.

city," *id.,* at 689, when it entered into a construction and maintenance contract with the city pursuant to which the state agreed to repair the road in question. No such contract exists in this case. And the town has not shown any other basis upon which the State should be obligated to reimburse the town for repairs that the town completed in discharge of its own duty to make those repairs.

Finally, *Verity* does not stand for the proposition that the State has an affirmative duty to reimburse cities and towns for repairs made by the municipality to sidewalks adjacent to state highways. In *Verity* the Court determined that the State embarked on a course of action that was egregious in that it knew of a dangerous situation—a tree that prevented safe passage along a sidewalk adjacent to a state road—but nonetheless chose not to remedy it. 585 A.2d at 67. In that situation the Court held that the State was not immune from liability to an injured third party, but said nothing about the State's having a duty to reimburse the municipality for sidewalk repairs. *Id.*

Relying upon the foregoing, we hold that the trial justice properly granted the defendant's motion to dismiss. Therefore, the plaintiff's appeal is denied, and the judgment below is affirmed.