**Dorothea SHOLA**

v.

**REFINEMENT INTERNATIONAL CO. and City of Woonsocket.**

**No. 92–124–Appeal.**

Supreme Court of Rhode Island.

Dec. 21, 1992.

#### ORDER

This matter was before a panel of the Supreme Court pursuant to an order issued to all parties to appear and show cause why this appeal should not be summarily decided. In this case the plaintiff appeals from an order of the Superior Court granting motions for summary judgment in favor of both defendants.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, it is the conclusion of this court that cause has not been shown. On February 15, 1989, plaintiff filed a complaint in Superior Court alleging personal injuries as a result of an accident that occurred on February 18, 1983, when *she* slipped and fell on High Street in Woonsocket, Rhode Island. The plaintiff claims she was forced to walk on High Street due to the fact that the sidewalk abutting it had been made impassable by a large mound of snow and ice.

The defendant Refinement International Company which owns property abutting the sidewalk in question, moved for summary judgment supported by an affidavit that snowplowing of its adjacent lot throughout the winter of 1983 was performed by an independent contractor for whose action it was not liable. The independent contractor also submitted an affidavit that his company did plow snow on Refinement's lot, but that snow was not removed from the lot. It was plowed up against the side fence and wall of the lot. His company never deposited nor removed snow upon the sidewalk adjacent to Refinement's lot. The city of Woonsocket also filed a motion for summary judgment. The motion was based on the ground that it had received no notice as required by § 45–15–9. In response to requests for admissions plaintiff admitted she had never filed a notice of claim under § 45–15–9. The trial justice properly granted city of Woonsocket's motion for summary judgment since under *Barroso v. Pepin*, 106 R.I. 502, 261 A.2d 277, 280 (1970), plaintiff could not recover against the city as a matter of law. The trial justice also properly granted defendant's motion for summary judgment. In opposition to the motion plaintiff had failed to set forth specific facts which would show that there is a genuine issue of fact to be resolved at trial. A party who opposes a motion for summary judgment "may not rest upon the mere allegations or denials in his [her] pleading." *Steinberg v. State*, 427 A.2d 338, 340 (R.I.1981).

For these reasons, the plaintiff's appeals are denied and dismissed, the judgments appealed from are affirmed and the papers of the case are remanded to the Superior Court.

WEISBERGER, J., did not participate.