John F. BLESSING et al.

v.

TOWN OF SOUTH KINGSTOWN et al.

No. 92–441–M.P.

Supreme Court of Rhode Island.

June 15, 1993.

Paul S. Cantor, Timothy O'Hara, Resmini & O'Hara, Providence, for plaintiff.

John Tarantino, Michael Kelly, Adler, Pollock & Sheehan, Michael D. Mitchell, Providence, for defendant.

WEISBERGER, Justice.

This case comes before us on a petition for certiorari brought by the town of South Kingstown and Alan Lord, in his capacity as finance director (town), to review a decision by a justice of the Superior Court declining to dismiss an action brought by John F. Blessing and Cynthia Blessing (plaintiffs) for personal injury and loss of consortium allegedly arising out of the negligence of the town. We affirm.

The incident that produced the injuries occurred on or about October 11, 1988. The first action brought by plaintiffs was filed on October 2, 1991. The plaintiffs had not made presentment of their claim against the town pursuant to the provisions of G.L.1956 (1991 Reenactment) § 45–15–5[1] at the time they filed their complaint; presentment was not made until November 27, 1991. Thereafter, the town moved to dismiss the action on the ground that a condition precedent to bringing the action had not been met. *See Mesolella v. City of Providence*, 508 A.2d 661 (R.I.1986). The motion to dismiss was granted by a justice of the Superior Court.

Subsequent to the granting of the motion to dismiss, plaintiffs filed a second action on April 3, 1992, substantially identical to the first, pursuant to the provisions of G.L. 1956 (1985 Reenactment) § 9–1–22, which authorizes the bringing of another action after a prior action has been dismissed for

---

1. General Laws 1956 (1991 Reenactment) § 45–15–5 reads as follows:

"Presentment to council of claim or demand against town.—Every person who shall have any money due him or her from any town or city, or any claim or demand against any town or city, for any matter, cause, or thing whatsoever, shall take the following method to obtain the same: The person shall present to the town council of the town, or to the city council of the city, a particular account of that person's claim, debt, damages, or demand, and how incurred or contracted; which being done, in case just and due satisfaction is not made him or her by the town or city treasurer of the town or city within forty (40) days after the presentment of the claim, debt, damages, or demand, the person may commence his or her action against the treasurer for the recovery of the same."

reasons other than a determination upon the merits. This statute reads as follows:

"If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or if he dies and the claim survives, his executor or administrator, may commence a new action upon the same claim within one (1) year after the termination." Section 9-1-22.

 In response to the second action the town filed another motion to dismiss on the ground that the statute of limitations had run before the second action was commenced and also prior to the filing of the notice of presentment of claim to the town. The town argues that the failure to file the presentment of claim resulted in the first action having not been timely filed since a condition precedent to its filing had not been fulfilled. With this argument we disagree.

In *Bernard v. Alexander*, 605 A.2d 484 (R.I.1992), we stated that the failure to file a notice of presentment of claim more than forty days before bringing an action "would at most have warranted the abatement of the action or dismissal as prematurely brought rather than a dismissal on the merits." *Id.* at 485. The clear thrust of our opinion was to reject any notion that the failure to make any presentment of claim or to wait the required length of time before bringing an action did not invalidate such action, nor would it support a motion for judgment on the merits. The sanction for having failed to file a notice of presentment and to wait the required period is that the action is subject to dismissal as prematurely brought.

In the case at bar the first action was brought within the period of the statute of limitations. The fact that presentment of claim had not been made did not render this action a nullity. Since the first action was brought within the time limited by the statute (in this case G.L.1956 (1985 Reenactment) § 9-1-25), such action was timely filed. The failure to file a presentment of claim is a matter of defense. Such

a defense may be waived if not asserted in a timely manner, *Mesolella v. City of Providence, supra.* Consequently the first action was valid and brought within the period of the statute of limitations. The dismissal was for failure to file a presentment of claim—therefore, prematurely brought—and did not constitute a final judgment on the merits.

Thus since the prior action was filed within the period limited by the applicable statute of limitations and was dismissed for a reason other than a final judgment on the merits, the plaintiffs had the benefit of § 9-1-22, which would authorize them to bring another action within a year after the termination of the first action.

Consequently the motion justice was correct in declining to dismiss the second action on statute-of-limitations grounds. Therefore the petition for certiorari is denied. The writ heretofore issued is quashed. The papers in the case may be remanded to the Superior Court for further proceedings.

LEDERBERG, J., did not participate.