**Joan J. ALMEIDA**

v.

**TOWN OF TIVERTON et al.**

**No. 93–276–Appeal.**

Supreme Court of Rhode Island.

March 10, 1994.

Joseph Marran, Marty Marran, Pawtucket.

Thomas Plunkett, Charles Vucci, Providence.

ORDER

This case came before the Supreme Court on March 4, 1994, pursuant to an order directing Joan J. Almeida (plaintiff) to show cause why her appeal of a Superior Court order granting the motion for summary judgment of the Town of Tiverton et al. (defendants) should not be denied and dismissed.

On appeal, plaintiff asserts error in granting summary judgment in favor of defendants Walter Borden (Borden), Tiverton zoning officer, and his successor, Wilford B. Eccles (Eccles), but does not challenge the grant of summary judgment in favor of the town of Tiverton.

Counsel for plaintiff did not appear at oral argument at which time counsel for defendants agreed to the court's deciding the case on the basis of the briefs submitted by the parties.

After reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown.

The plaintiff sought compensatory and punitive damages as well as interest and costs after she was ordered to cease and desist the construction of a so-called mother-in-law apartment at 56 Lucy Street in Tiverton, Rhode Island. A building permit had been issued by Borden but was followed by a cease and desist order by Eccles after the apartment was about one-half completed.

The Superior Court granted defendants' motion for summary judgment on the basis that plaintiff failed to comply with G.L.1956 (1991 Reenactment) § 45–15–5, which requires presentment of a claim for damages to the town council as a first step in obtaining redress.

No evidence was introduced to demonstrate that the officials' conduct was egregious. Eccles and Borden were acting in their official capacities, and thus are shielded from suit by governmental immunity under the public duty doctrine. Because this court has determined in *Almeida v. Zoning Board of Review of the Town of Tiverton*, 606 A.2d 1318 (R.I.1992), that the cease and desist order was properly issued, the officials are protected by sovereign immunity. *Catri v. Hopkins*, 609 A.2d 966 (R.I.1992).

Consequently we deny and dismiss the appeal and affirm the judgment of the Superior Court.