Elizabeth **LAHAYE**

v.

**CITY OF PROVIDENCE.**

No. 93–393–A.

Supreme Court of Rhode Island.

April 29, 1994.

Jeffrey Brenner, Corrente, Brill & Kusinitz, Providence, for plaintiff.

Richard Riendeau, City Sol., Catherine Graziano, City Solicitor's Office, for defendant.

OPINION

PER CURIAM.

This matter came before the Supreme Court pursuant to an order directing both parties to appear and to show cause why the issues raised in this appeal should not be summarily decided. In this case the plaintiff,

Elizabeth Lahaye, has appealed from the granting of a motion for summary judgment for the defendant, the city of Providence (city), on the grounds of insufficient notice as required in G.L.1956 (1991 Reenactment) § 45–15–9.[1] After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown.

On December 1, 1990, while walking on Weybosset Street, plaintiff fell over a cut-off cement post that protruded several inches above the sidewalk. She filed notices of claim with the Providence City Council as required by §§ 45–15–5 and 45–15–10.[2] The notices indicated that she fell on the south side of Weybosset Street "between Dorrance Street and Eddy Street" because of a "defect and/or failure to repair the sidewalk." In actuality the site of her alleged fall was Weybosset Street between Eddy and Garnett Streets. The plaintiff claimed the map to which she referred in drafting her notices of claims did not show Garnett intersecting Weybosset, nor was Garnett Street marked when she conducted an on-site inspection.

The trial justice found that the city conducted an inspection of the area described in plaintiff's notices and found the sidewalk to be free of defects. The city did not respond to the claim, and plaintiff filed suit.

The city asserted lack of sufficient statutory notice but did not specify the statute upon which it was relying in either its answer or its responses to discovery. During the course of discovery it became clear that plaintiff did not fall in the area she described in her notices. The city moved for summary judgment on the grounds of insufficient notice pursuant to § 45–15–9. The motion was granted on May 4, 1993.

■ In reviewing a trial court's decision to grant summary judgment, this court must look to whether the trial justice considered the affidavits and pleadings in the light most favorable to the opposing party and found no genuine issue of material fact. *McPhillips v. Zayre Corp.*, 582 A.2d 747, 749 (R.I. 1990); *Marandola v. Hillcrest Builders, Inc.*, 102 R.I. 46, 49, 227 A.2d 785, 787–88 (1967).

■ The plaintiff first asserts that the city waived its rights to move for summary judgment on the basis of insufficient notice because it waited two years to file the motion. Rule 56(a) of the Superior Court Rules of Civil Procedure specifically provides that a party may move for summary judgment "at any time after the expiration of twenty (20)

1.  General Laws 1956 (1991 Reenactment) § 45–15–9(a) provides:

    Notice of injury on highway or bridge—Commencement of action.—(a) A person so injured or damaged shall, within sixty (60) days thereafter, give to the town by law obliged to keep the highway, causeway, or bridge in repair, notice of the time, place, and cause of the injury or damage; and if the town shall not make just and due satisfaction therefor, within the time prescribed by § 45–15–5, the person shall, within three (3) years after the date of the injury or damage, commence his or her action against the town treasurer for the recovery of the same, and not thereafter."

2.  Section 45–15–5 provides:

    "Presentment to council of claim or demand against town.—Every person who shall have any money due him or her from any town or city, or any claim or demand against any town or city, for any matter, cause, or thing whatsoever, shall take the following method to obtain the same: The person shall present to the town council of the town, or to the city council of the city, a particular account of that person's claim, debt, damages, or demand, and how

incurred or contracted; which being done, in case just and due satisfaction is not made him or her by the town or city treasurer of the town or city within forty (40) days after the presentment of the claim, debt, damages, or demand, the person may commence his or her action against the treasurer for the recovery of the same.

Section 45–15–10 provides:

"Form of notice of injury—Time allowed incapacitated persons and estate administrators for notice.—The notice required by § 45–15–9 shall be in writing, signed by the person injured or damaged, or by someone in the person's behalf, and shall be presented to the town council of the town or to the city council of the city; but if from physical or mental incapacity, it is impossible for the person injured to give the notice within the time prescribed in that section, the person may give the notice within ten (10) days after the incapacity is removed; and in case of the person's death without having given the notice, and without having been for ten (10) days at any time after his or her injury of sufficient capacity to give the notice, the person's executor or administrator may give the notice within thirty (30) days after his or her appointment."

days from the commencement of the action." Therefore, plaintiff's argument is without merit.

■ The plaintiff next argues that the trial justice erroneously held § 45–15–9 applicable because the cement post over which she fell was not a sidewalk. She erroneously relies on *Alfano v. Landers,* 585 A.2d 651 (R.I. 1991). In that case we held that a concrete divider protruding from the surface of a parking lot was not within the parameters of § 45–15–9. *Id.* at 652–53. In this case the plaintiff fell on a sidewalk. The object over which she fell is not a determinative factor. Section 45–15–9 was properly applied by the trial justice.

■ The plaintiff's argument that the city waived its right to assert insufficient notice because it failed to specify the statute also must fail. Sufficient notice is a prerequisite to bringing suit against a municipality. The notice requirement may not be waived voluntarily or involuntarily. *Batchelder v. White,* 28 R.I. 466, 467, 68 A. 320, 320 (1907).

■ The plaintiff's final argument is that the trial justice erred in holding that the notice given was inadequate as a matter of law. Notice does not have to fix the exact location of the defect as long as it locates the place in a reasonably sufficient manner.

*Malo v. McAloon,* 65 R.I. 26, 31, 13 A.2d 245, 247 (1940). The cause of injury must be described with sufficient detail. Claiming a "defective condition" of a sidewalk is not a description—but rather a mere statement of the general statutory grounds of liability. *Maloney v. Cook,* 21 R.I. 471, 475, 44 A. 692, 693 (1899). Furthermore, the plaintiff gave the location as Weybosset Street between Eddy and Dorrance, which excluded the actual area where the accident occurred, which was Weybosset Street between Eddy and Garnett. Because the trial justice's decision was based upon inadequate statutory presentment under § 45–15–9, the judgment entered was on the merits and the plaintiff has lost her right of action against the city. *See Shola v. Refinement International Co.,* 617 A.2d 408 (R.I.1992).

For these reason the plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are returned to the Superior Court.