**Albert H. SHACKLETON et al.**

v.

**COFFEE 'AN SERVICE, INC., et al.**

No. 94–21–A.

Supreme Court of Rhode Island.

April 24, 1995.

Patrick T. Conley, East Providence, for plaintiff.

David Schechter, John P. Boyajian, Richard Riendeau, Providence, for defendant.

OPINION

PER CURIAM.

This matter came before the Supreme Court pursuant to an order directing all parties to appear before this court and show cause why the issues raised in this appeal should not be summarily decided. The defendant city of Providence has appealed from an order of the Superior Court to pay the plaintiff's legal fees arising out of the events that led to this action.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown. The issues will be summarily decided at this time.

To describe the particular travel of this case as a procedural morass would be no exaggeration. In 1988 and 1989 no real estate taxes were paid for property owned by RC & RG Realty located at 476 Silver Spring Street in Providence. RC & RG Realty conveyed the subject property to Coffee 'An Service, Inc. (Coffee 'An) in May 1989. Coffee 'An shortly thereafter filed a petition in bankruptcy and a motion to sell the property. The defendants, John and Sandra Petrarca purchased and mortgaged the property from the bankruptcy trustee for Coffee 'An and their counsel retained $25,000 in his client account to pay lienholders. Title was not conveyed to the Petrarcas due to a faulty legal description of the property and no payments were made to the city of Providence concerning past due taxes.

Meanwhile, in 1990, the city of Providence conducted a tax sale of the property for failure of payment of 1988 and 1989 property taxes. The city notified RC & RG Realty and advertised the sale under that name. Since no one bid on the property at the sale, the city purchased the tax title. The plaintiffs subsequently purchased the tax title from the city by way of assignment.

In July 1991, plaintiffs filed a petition against defendant, Coffee 'An Service and People's Trust Company d.b.a. Shawmut Bank of Rhode Island to foreclose their right of redemption to the subject property and asked the court to enter a decree of absolute

title in favor of plaintiffs. In February 1992, plaintiffs filed a motion to amend their complaint to add the city of Providence to their petition. In June 1993, the city argued in its answer that it could not admit or deny any of plaintiffs' assertions because plaintiffs failed to make any claims against it. The city also argued that plaintiffs did not allege any claim against it for money damages as required under G.L.1956 (1991 Reenactment) § 45-15-5.

A hearing was held before a justice in the Superior Court. It was learned that apparently during the title search by Commonwealth Land Title on behalf of the city of Providence for a tax sale, Commonwealth missed the transfer of the property from RC & RG Realty to Coffee 'An and subsequently the transfer to John and Sandra Petrarca. Since the city was under the impression that the land was still owned by RC & RG Realty, which owed taxes, it scheduled the tax sale. However, the subsequent owner, Coffee 'An went into bankruptcy, which created an automatic stay on the part of the property to be sold. By selling the property in a tax sale, the trial justice reasoned, the city violated the bankruptcy order. Therefore, the trial justice ordered that John and Sandra Petrarca should be permitted to redeem the property by tendering to plaintiffs the money they had paid to the city of Providence plus additional interest. Further, the city of Providence was ordered to pay plaintiffs' legal fees and costs of the suit because its agent had made the title search mistake that resulted in the violation of the bankruptcy order.

The city of Providence filed a notice of appeal in November 1993. First, the city asserts, plaintiffs did not properly file a notice of claim for money damages pursuant to § 45-15-5. This court has stated that:

"[T]here is no question that § 45-15-5 requires every person who has a monetary claim against a municipality to present to the town or city council a particular account of his or her claim and if due satisfaction is not made by the town or city treasurer within forty days of presentment of such claim, such person may commence his or her action against the treasurer for recovery of the same." *Bernard v. Alexander*, 605 A.2d 484, 485 (R.I.1992).

When plaintiffs in this case added the city to its petition they did not ask for legal fees. In fact they did not ask for legal fees until the hearing before the trial justice.

The plaintiffs argue that § 45-15-5 does not apply to tax title cases and the only notice owed the city was pursuant to G.L. 1956 (1988 Reenactment) § 44-9-27. That section, however, only goes to notice of a foreclosure lien to interested parties, not to damages. This court has clearly stated that § 45-15-5 sets out the steps that every person who has a monetary claim against a municipality must follow. There is nothing in the chapter that indicates that this statute is not applicable to tax title cases, nor do plaintiffs cite any case or statutory laws to support their contention.

The city next argues that from it plaintiffs cannot claim relief within the tax foreclosure petition or their original petition. The plaintiffs sought to bar the original defendants from redemption. The city asserts that it has no interest in whether defendants redeem the property.

Sections 44-9-29 and 44-9-33 grant to the court discretionary powers to fashion an equitable remedy for a party seeking to redeem the property, including counsel fees. However, the court is of the opinion that the city does not fit into this category. The city here was ordered to pay legal fees because the error was made by its agent, not because it was seeking to redeem the property. The original defendants were ordered to reimburse the plaintiffs for all other moneys expended for tax purposes.

We appreciate that the trial justice attempted to do justice between the parties in a very confused situation. However, we must sustain the appeal in part.

For these reasons the trial justice's orders that the tax sale of the land was void and that the Petrarcas must reimburse the plaintiffs for all money paid out for tax purposes are affirmed. The order to the city for payment of counsel fees to the plaintiffs is vacated without prejudice to the plaintiffs' attempting to seek payment from the city pur-

suant to § 45–15–5 and thereafter if necessary by independent action. The papers of the case are remanded to the Superior Court for further proceedings.