### Norma MUSHNICK

v.

### The CITY OF PROVIDENCE and Stephen T. Napolitano, in his official capacity as Treasurer of the City of Providence.

No. 95–655–Appeal.

Supreme Court of Rhode Island.

March 19, 1997.

Jeffrey Lamphear, Warwick.

Richard Riendeau, Catherine Graziano, Providence.

### ORDER

This case came before the court for oral argument March 4, 1997, pursuant to an order that had directed the parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The plaintiff, Norma Mushnick, appeals from a summary judgment entered in the Superior Court in favor of the City of Providence. A justice of the Superior Court determined that plaintiff was not entitled to recover for personal injuries sustained when she fell on a sidewalk adjacent to Blackstone Boulevard in the City of Providence on December 28, 1993. The Superior Court justice found as a fact and held as a matter of law that plaintiff's notice of claim filed pursuant to G.L. 1956 § 45–15–9 was inadequate since it did not conform to the statutory require-

ment in respect to the cause of the injury. The plaintiff's notice of claim had stated that she "was injured because of a defect in the sidewalk." This court had held in *Lahaye v. City of Providence,* 640 A.2d 978, 980 (R.I. 1994) that such a general statement did not comply with the notice requirement because it failed to describe the nature of the defect that caused the injury. Accordingly the Superior Court justice was clearly correct. *Lahaye* is controlling in respect to this issue.

We should point out, however, that we disapprove of the pleadings practice of the City of Providence in failing to answer the plaintiff's complaint and in filing a motion for summary judgment prior to the expiration of the twenty days from the filing of the complaint as required by Rule 56(a) of the Superior Court Rules of Civil Procedure. Nevertheless, in spite of the procedural deficiencies of the City's pleading and motion, it is irrefutable that the notice requirement of § 45–15–9(a) is a condition precedent to the plaintiff's right of action, *Marshall v. City of Providence,* 633 A.2d 1360, 1361 (R.I.1993) (Mem.), and may not be waived. *Batchelder v. White,* 28 R.I. 466, 68 A. 320 (1907) (per curiam). Since the plaintiff's notice was deficient in respect to the cause of the injury, even the inadequate pleadings of the City of Providence could not restore the plaintiff's cause of action.

Consequently, the plaintiff's appeal is denied and dismissed. The summary judgment entered in the Superior Court is hereby affirmed.

LEDERBERG, J., did not participate.