Maureen MARQUES, et al.

v.

Stephen T. NAPOLITANO, in His
Capacity as Treasurer of and
for the City of Providence.

No. 96–627–Appeal.

Supreme Court of Rhode Island.

March 5, 1998.

Robyn K. Factor, for Plaintiff.

Richard Riendeau, Alan E. Kornstein,
Providence, for Defendant.

Before WEISBERGER, C.J., and
FLANDERS and GOLDBERG, JJ.

OPINION

PER CURIAM.

This case came before a three-judge panel
of this court pursuant to an order directing
the parties to appear and show cause why
this case should not be summarily decided.
After hearing the arguments of counsel and
reviewing the parties' memoranda, we per-
ceive that cause has not been shown. Ac-
cordingly, we shall decide the issue raised by
the parties at this time. The facts insofar as
pertinent to this appeal are as follows.

On April 19, 1991, plaintiff Maureen Mar-
ques (Marques) was injured while walking on
the sidewalk bordering South Main Street in
the city of Providence (city). According to
Marques, she tripped over a slab of the
sidewalk that had "heaved-up" and fell. As a
result of this fall, she suffered bodily injuries.

On May 15, 1991, Marques filed with the
city notice of her injury pursuant to G.L.1956
§ 45–15–9.[1] Although the alleged defect was
inspected and repaired by the city, the city
did not respond to Marques' claim of injury.

Having received no response to her notice
within the forty days prescribed by G.L.1956
§ 45–15–5, Marques commenced suit on Sep-
tember 19, 1991. On February 16, 1995, the
city moved to dismiss the complaint based on
a lack of any duty to maintain South Main
Street. This motion, however, was denied.
On October 20, 1995, the city renewed its
motion to dismiss the complaint but it was
again denied. Undaunted by its previous
failures to procure a dismissal, the city
moved for summary judgment on the basis
that the notice given by Marques pursuant to
§ 45–15–9 was insufficient. Specifically, the
city argued that Marques' notice describing
the defect as "a dangerous condition of the
sidewalk which is located at the northeast
corner at the intersection of South Main
Street and Williams Street, Providence,
Rhode Island" was insufficient to describe
the precise nature of the defect. The trial
justice agreed. Relying on this court's hold-

---

1. General Laws 1956 § 45–15–9(a) provides:
   "A person so injured or damaged shall, within
   sixty (60) days thereafter, give to the town by law
   obliged to keep the highway, causeway, or bridge
   in repair, notice of the time, place, and cause of
   the injury or damage; and if the town shall not

make just and due satisfaction therefor, within
the time prescribed by § 45–15–5, the person
shall, within three (3) years after the date of the
injury or damage, commence his or her action
against the town treasurer for the recovery of the
same, and not thereafter."

**178**

ing in *Lahaye v. City of Providence*, 640 A.2d 978 (R.I.1994), the trial justice reluctantly granted summary judgment, reasoning that "[c]laiming a 'defective condition' of a sidewalk is not a description—but rather a mere statement of the general statutory grounds of liability." However, because we are of the opinion that *Lahaye* is applicable only to cases in which notice to the city is so inadequate that the municipality is unable to determine the location of the alleged defect—and is therefore distinguishable from the case at bar—we reverse the judgment of the trial justice.

In *Lahaye* we affirmed the trial justice's decision to grant summary judgment in a situation in which the plaintiff's notice regarding an alleged injury did not provide sufficient notice pursuant to § 45–15–9. *Lahaye*, 640 A.2d at 980. In dictum we noted that "[t]he cause of injury must be described with sufficient detail," and that merely claiming a "defective condition" was not an adequate description. *Id.* Significantly, however, our holding in *Lahaye* was based upon the plaintiff's error in describing the *location* of the defective sidewalk, thus making any investigation of the claim impossible. *Id.* In this case Marques properly described the location of the defect as "the northeast corner at the intersection of South Main Street and Williams Street, Providence, Rhode Island." Our conclusion that Marques' notice was sufficient is buttressed by the fact that soon after Marques notified the city of the defect, workers were dispatched on two separate occasions to undertake repairs of the very defect alleged to have caused this plaintiff's fall. Marques' description was more than sufficient to place the city on notice regarding the type of defect and, more importantly, its precise location. For the city to rest its motion for summary judgment on the grounds of an inadequate description of the defect in circumstances in which the plaintiff complied with all provisions of the statute is to lay a trap for the unwary. This we will not do.

For the foregoing reasons the plaintiff's appeal is sustained, and the judgment appealed from is vacated. The papers in this case are hereby remanded to the Superior Court.

LEDERBERG and BOURCIER, JJ., did not participate.