Maureen MARQUES et al.

v.

Stephen T. NAPOLITANO, in His Capacity as Treasurer of and for the City of Providence.

No. 96–627–Appeal.

Supreme Court of Rhode Island.

June 29, 1998.

Robyn K. Factor, for Plaintiff.

Richard Riendeau, Alan E. Kornstein, Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court on May 12, 1998, pursuant to an order granting the petition to reargue of the defendant, Stephen T. Napolitano, in his capacity as Treasurer of and for the city of Providence (city). We previously heard this case on January 20, 1998, and issued an opinion sustaining the appeal of the plaintiff, Maureen Marques (Marques), from a Superior Court summary judgment in favor of the city. *See Marques v. Napolitano*, 708 A.2d 177 (R.I.1998). For the reasons set forth below, we affirm our earlier decision.

The facts of this case, as outlined in our previous opinion, indicate that on April 19, 1991, Marques sustained an injury when she tripped and fell over a "slab of the sidewalk that had 'heaved-up' " that was located in the city of Providence. *Id.* at 177. On May 15, 1991, Marques sent notice of her injury to the city pursuant to G.L.1956 § 45–15–9, which notice stated that the injury had been sustained by reason of "a dangerous condition of the sidewalk which is located at the northeast corner at the intersection of South Main Street and Williams Street, Providence, Rhode Island." *Id.* Although the city inspected and repaired the defect, it never responded to Marques' claim of injury.

As a result Marques filed suit against the city on September 19, 1991. On October 7, 1996, the city moved for summary judgment on the basis that Marques had furnished the city with insufficient notice pursuant to § 45–15–9 in that she had failed to describe adequately the alleged defect in the sidewalk. The city's motion subsequently was granted.

Marques appealed that decision to this Court. In sustaining her appeal, we held that our prior opinion in *Lahaye v. City of Providence*, 640 A.2d 978 (R.I.1994), upon which the trial justice relied in declaring that "[c]laiming a 'defective condition' of a sidewalk is not a description—but rather a mere statement of the general statutory grounds of liability" was applicable "only to cases in which notice to the city is so inadequate that the municipality is unable to determine the location of the alleged defect" and was thus distinguishable from the present case. *Marques*, 708 A.2d at 178. We observed that Marques had properly described the location of the defect so as to permit the city to locate and to repair it. *Id.* From this decision the city filed its motion for reargument, which we granted.

On reargument the city argues that this Court's decision in *Marques* conflicts with nearly one-hundred years of precedent that requires an adequate description of the cause of injury to be contained in the statutory notice prescribed by § 45–15–9. The city cites to a similar case recently before this Court, *Mushnick v. City of Providence*, 692 A.2d 700 (R.I.1997), in which we affirmed an entry of summary judgment for lack of an adequate description based upon the principles enunciated in *Lahaye*. The city posits that if the judgment in *Mushnick* was af-

firmed, so too should the judgment in the case at bar. We disagree.

The notice provisions of § 45–15–9, "Notice of injury on highway or bridge—Commencement of action," state in pertinent part:

> "(a) A person so injured or damaged shall, within sixty (60) days thereafter, give to the town by law obliged to keep the highway, causeway, or bridge in repair, notice of the time, place, and cause of the injury or damage."

In *Lahaye* we explained that this "[n]otice does not have to fix the exact location of the defect *as long as it locates the place in a reasonably sufficient manner*" so that the defendant, in this case the city, is afforded the opportunity to investigate the alleged defective condition and defend against the claim. 640 A.2d at 980. (Emphasis added.) *See also Mulvaney v. Napolitano*, 639 A.2d 984, 985 (R.I.1994). Applying this principle to the facts of this case and the facts of *Mushnick*, we find the decisions to be entirely consistent and can discern no error in our prior decision sustaining *Marques'* appeal.

In *Mushnick* the plaintiff was injured after having fallen on a sidewalk adjacent to Blackstone Boulevard in the city of Providence. 692 A.2d at 700. The plaintiff subsequently sent the city notice of her injury, stating that she "was injured because of a defect in the sidewalk." *Id.* The trial justice granted the city's motion for summary judgment, and we affirmed on the basis that the notice given pursuant to § 45–15–9 did not adequately describe the cause of her injury. *Mushnick*, 692 A.2d at 700. Furthermore, the location as described in the notice in *Mushnick* encompassed a much larger area, approximately one-hundred feet, and was therefore considerably more vague than the location described by Marques.

In this case the notice indicated the exact location of the defect—the sidewalk on the northeast corner of the intersection of South Main Street and Williams Street, Providence, Rhode Island—such that the city was able to locate the defect and repair it soon thereafter. Had the city been unable to pinpoint the defect or had the area described been so large as to preclude a meaningful investigation of the complaint, we may have been persuaded otherwise. This Court is of the opinion, however, that the notice has to be viewed as a whole and that deficiencies in one area, for example, the description of the nature of the defect, may be compensated by providing greater detail in another area, for example, the exact location of the defect. The notice given by *Marques* in this case although not ideal, was sufficient to inform the city of the sidewalk, its location, and the fact that there was a dangerous condition thereon.

Accordingly we affirm our previous decision and sustain the plaintiff's appeal. The judgment appealed from is vacated, and the papers in this case may be remanded to the Superior Court for further proceedings consistent with this opinion.