**Loretta A. PROVOST et al.**

**v.**

**Dennis FINLAY, as Treasurer of the Town of Smithfield.**

No. 99–549–Appeal.

Supreme Court of Rhode Island.

April 13, 2001.

Nancy A. Palmisciano, Providence, for Plaintiff.

Melody A. Alger, Anthony J. Gianfrancesco, Providence, for Defendant.

Present WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

**OPINION**

PER CURIAM.

A party's failure to serve a municipality with timely notice of a claim arising out of a highway-related injury caused the Superior Court to dismiss this compliant. The plaintiff, Loretta A. Provost, appeals from a Superior Court order granting the dismissal motion filed by the defendant, Dennis Finlay, in his capacity as Treasurer of the Town of Smithfield (town).[1]

Following a prebriefing conference, a single justice of this Court assigned this case to the show cause calendar and directed both parties to show cause why the issues raised by this appeal should not be summarily decided. Because no cause has been shown, we proceed to decide the appeal at this time.

The plaintiff alleged that on October 16, 1993, she fell into a manhole while walking

---

1. The town filed a motion to dismiss or, in the alternative, a motion for summary judgment. Although it is not clear from either the order or the transcript which motion the court granted, it makes no difference to the disposition of this appeal.

on a sidewalk on Whitman Street in Smithfield. On March 22, 1995, she filed a complaint in the Superior Court to recover damages under G.L.1956 § 45–15–8 ("Recovery against town for damages from neglect to maintain highway or bridge") for the injuries she allegedly sustained as a result of the fall. The town answered the complaint by denying negligence and raising the defense of lack of timely notice. Thereafter, the parties conducted discovery and the matter proceeded to court-annexed arbitration.

On November 13, 1998, after arbitration proved unavailing and settlement negotiations collapsed, the town moved for dismissal of the complaint. It contended that plaintiff had failed to comply with the sixty-day notice requirement of § 45–15–9 because she had failed to provide notice of her claim to the town until approximately four months after her accident. The plaintiff objected to the motion, but she conceded that her notice was untimely under § 45–15–9. She contended, however, that the town should be estopped from asserting its defense of untimely notice because it had waited almost three years before filing its dismissal motion. Nevertheless, the motion justice granted the town's motion. On appeal, plaintiff maintains that, by waiting until the eve of trial to file its dismissal motion based upon the affirmative defense of lack of timely notice, the town's delay unduly prejudiced her.

The notice requirement in § 45–15–9(a), entitled "Notice of injury on highway or bridge—Commencement of action," provides in pertinent part:

"A person so injured or damaged shall, within sixty (60) days, give to the town by law obliged to keep the highway, causeway, or bridge in repair, notice of the time, place, and cause of the injury or damage; and if the town does not make just and due satisfaction, within the time prescribed by § 45–15–5, the person shall, within three (3) years after the date of the injury or damage, commence his or her action against the town treasurer * * *."

■ The purpose of this statute is to give the municipality an opportunity to investigate claims and, if appropriate, to settle them without litigation. *See Tessier v. Ann & Hope Factory Outlet, Inc.,* 114 R.I. 315, 318, 332 A.2d 781, 782 (1975) (explaining purpose behind § 45–15–9 is "to advise the city in what the alleged negligence consists and give an opportunity to investigate, while the facts are fresh and witnesses are available and before the conditions have materially changed, and to decide intelligently whether it is advisable to settle the claim and, if necessary, to prepare for trial").

■ The plaintiff concedes that she did not send notice to the town pursuant to § 45–15–9 until 124 days after sustaining her injuries. She maintains, however, that the city has waived its right to assert this lack-of-timely-notice defense by waiting over three years to file its dismissal motion on this basis. In support of this assertion, the plaintiff relies upon *Mesolella v. City of Providence,* 508 A.2d 661 (R.I.1986). This reliance, we conclude, is misplaced.

In *Mesolella,* the plaintiff, a developer of a low-income housing project, brought an action alleging that the city of Providence had amended a zoning ordinance to prevent him from building the housing project. 508 A.2d at 663. The Superior Court entered a judgment declaring the amendment null and void and ordering a building permit to issue. *Id.* This Court affirmed that judgment. *Id.* Thereafter, Mesolella sought damages and the trial court assigned the matter to a special master for this purpose. *Id.* at 664. After numerous hearings, the special master awarded Mesolella damages in the amount of $715,182.82 for the city's wrongful interference with his proposed development. *Id.* at 665.

In its appeal to this Court, the city argued that the trial justice had erred in denying its motion to dismiss for Mesolel-

la's failure to give the city the required notice of his claim pursuant to § 45–15–5. *Id.* The city contended that because Mesolella had failed to present his claim against it to the city council before he filed suit, his action should have been barred, under § 45–15–5. *Id.* The city acknowledged that it had neglected to raise this defense until nearly four years after the suit had commenced. *Id.* As a result, Mesolella contended, the city had waived its right to assert the defense of lack of notice under the provisions of Rule 9(c) of the Superior Court Rules of Civil Procedure. *Id.* at 667; *see also* Super.R.Civ.P. 9(c) ("Conditions Precedent. * * * A denial of performance or occurrence shall be made specifically and with particularity.").

This Court agreed, finding that the city had waived the defense of lack of notice. In *Mesolella,* the Court noted generally that, pursuant to § 45–15–5, the notice requirement is a condition precedent to filing suit against a municipality. 508 A.2d at 666. This Court found, however, that the city's failure to plead the defense, specifically and with particularity, according to Rule 9(c), constituted a waiver of the defense. *Id.* at 667.

But the *Mesolella* case is distinguishable from this one. First, *Mesolella* involved a failure to present a claim to a city council pursuant to § 45–15–5, whereas the case at bar involves lack of timely notice to a municipality under a different statute, § 45–15–9.[2] Second, in contrast to *Mesolella,* the municipality in this case included the lack-of-timely-notice defense in its answer to the complaint. Thus, the city did not waive its ability to raise this defense by failing to plead it affirmatively, as in *Mesolella.* Third, unlike the notice required by § 45–15–5, notice pursuant to § 45–15–9 cannot be waived voluntarily or involuntarily. *See Lahaye v. City of Providence,* 640 A.2d 978, 980 (R.I.1994) (per

curiam). In *Lahaye,* the plaintiff argued that the city had waived its rights to pursue a summary judgment on the basis of insufficient notice under § 45–15–9 after waiting two years to file the motion. *Id.* at 979. This Court disagreed and held that, under § 45–15–9, "[s]ufficient notice is a prerequisite to bringing suit against a municipality. The notice requirement may not be waived voluntarily or involuntarily." *Id.* at 980 (citing *Batchelder v. White,* 28 R.I. 466, 467, 68 A. 320, 320 (1907)).

The plaintiff also argues that the dismissal of her complaint should have been without prejudice in order to permit her to refile it. In support of this assertion, the plaintiff relies upon the case of *Blessing v. Town of South Kingstown,* 626 A.2d 204 (R.I.1993). In *Blessing,* the plaintiffs filed an action against the town of South Kingstown alleging negligence. 626 A.2d at 204. The plaintiffs, however, had failed to present their claim against the town to the town council pursuant to § 45–15–5 before they filed their complaint. *Id.* The town moved to dismiss the action on the ground that the prior presentment of such a claim to the town council was a condition precedent to bringing an action against the town. *Id.* The court granted the motion and plaintiffs filed a second action under § 9–1–22, the so-called savings statute. *Id.* at 204–05. The town filed a subsequent motion to dismiss, which was denied. *Id.* at 205. The town then filed a petition for certiorari to this Court. *Id.*

On review, this Court ruled that the plaintiffs' failure to file a presentment of claim in an action which had been brought within the statute of limitations, would render the action neither a nullity nor untimely. *Id.* We determined that because the trial justice's decision was based solely upon an inadequate statutory presentment of the plaintiffs' claim before commencing the lawsuit, the dismissal did not constitute

---

**2.** It should also be noted that in *Mesolella,* the Court found that the city had "actual notice of the pending litigation and ample time to attempt to settle the claim, [which is] the purpose of the notice requirement." *Mesolella v. City of Providence,* 508 A.2d 661, 667 (R.I. 1986).

a judgment on the merits and, thus, the trial justice properly declined to dismiss the second action. *Id.*

 The holding in *Blessing,* however, does not help the plaintiff in this action. This Court has stated that the notice required by § 45–15–9 is a jurisdictional condition precedent to bringing suit, and if a plaintiff fails to give such notice in a timely manner, the action must be dismissed because the Superior Court's jurisdiction has not been invoked properly. *See Barroso v.* *Pepin,* 106 R.I. 502, 506, 261 A.2d 277, 279 (1970).

For these reasons, we deny the plaintiff's appeal and affirm the judgment dismissing the complaint.