DECISION
This matter comes before the Court on a claim filed by Plaintiff George Karousos (Plaintiff) alleging that the Defendant, City of Newport (Defendant), caused Plaintiff to incur damages when the City Zoning Enforcement Officer denied Plaintiff the issuance of a building permit, which would have allowed the construction of a culinary arts school at Fairlawn. After consideration of an agreed statement of facts and briefs submitted by the parties, this Court denies Plaintiff the requested compensation for reliance damages.
 FACTS/TRAVEL
The facts pertinent to this Court's consideration of the present matter are set forth in the agreed statement of facts filed by the parties. The Plaintiff was the owner of property located at 518 Bellevue Avenue, Newport, Rhode Island on which property is situated a large building known as Fairlawn. In March of 1989, Guy Weston, the City Zoning Enforcement Officer for Newport, made a written determination that the school use of Fairlawn had not been abandoned and that Fairlawn could be used as a school consistent with the definition of a school in the City of Newport Zoning Ordinance. See Newport Zoning Ordinance § 1260.19(33) (defining "school" to mean a public or private school or college giving regular instruction for eight or more months in a year. . . .") This decision was based upon information concerning the prior use of Fairlawn, as well as an on-site inspection. Plaintiff subsequently leased Fairlawn in 1991, with an option to purchase. As tenant, Plaintiff made various improvements to the subject property and entered into an affiliation agreement with Salve Regina University. In September, 1994, the Zoning Enforcement Officer sent a written letter to the Plaintiff indicating that certain additional criteria would be required for the operation of the culinary arts school. However, in October of that same year, the Zoning Enforcement Officer advised the Plaintiff that the City had approved the school use. Thereafter, in February 1996, Plaintiff exercised the option to purchase the property.
On March 15, 1996, a neighbor of Fairlawn requested an additional determination as to whether a culinary arts institute is a permitted use of the property. The Zoning Officer replied in the affirmative, and a subsequent appeal was made to the Zoning Board of Review. In April, 1996, Plaintiff was denied a building permit to install a culinary kitchen as a result of the pending appeal. However, as stipulated in the agreed statement of facts, Plaintiff, as a result of the denial, did not suffer any monetary damages for an approximate period of one month. It was during this time that Plaintiff abandoned plans to construct and operate the school, consequently selling Fairlawn for a higher sum than that which had originally been paid.
The present claim was filed on April 26, 1996, and the only issue remaining is that of damages. Essentially, the damages sought are alleged to have resulted from Plaintiff's detrimental reliance on the assurances of the Newport Zoning Officer; representations which ultimately became the subject of an appeal, which stayed further proceedings. Accordingly, although somewhat unclear from the pleadings, the case at bar sounds in a contract theory, or in the alternative a promissory estoppel theory based on principles of equity. In its answer, albeit not filed for three years and six months after the filing of the leased Fairlawn in 1991, with an option to purchase. As tenant, Plaintiff made various improvements to the subject property and entered into an affiliation agreement with Salve Regina University. In September, 1994, the Zoning Enforcement Officer sent a written letter to the Plaintiff indicating that certain additional criteria would be required for the operation of the culinary arts school. However, in October of that same year, the Zoning Enforcement Officer advised the Plaintiff that the City had approved the school use. Thereafter, in February 1996, Plaintiff exercised the option to purchase the property.
On March 15, 1996, a neighbor of Fairlawn requested an additional determination as to whether a culinary arts institute is a permitted use of the property. The Zoning Officer replied in the affirmative, and a subsequent appeal was made to the Zoning Board of Review. In April, 1996, Plaintiff was denied a building permit to install a culinary kitchen as a result of the pending appeal. However, as stipulated in the agreed statement of facts, Plaintiff, as a result of the denial, did not suffer any monetary damages for an approximate period of one month. It was during this time that Plaintiff abandoned plans to construct and operate the school, consequently selling Fairlawn for a higher sum than that which had originally been paid.
The present claim was filed on April 26, 1996, and the only issue remaining is that of damages. Essentially, the damages sought are alleged to have resulted from Plaintiff's detrimental reliance on the assurances of the Newport Zoning Officer; representations which ultimately became the subject of an appeal, which stayed further proceedings. Accordingly, although somewhat unclear from the pleadings, the case at bar sounds in a contract theory, or in the alternative a promissory estoppel theory based on principles of equity. In its answer, albeit not filed for three years and six months after the filing of the complaint, the City denied the Plaintiff's claim for damages and raised as an affirmative defense Plaintiff's failure to provide proper notice of the claim to the City as required by § 45-15-5.
 NOTICE OF CLAIM AGAINST THE CITY
At the outset, it needs to be noted that before bringing a claim against the City, Plaintiff is required to comply with the provisions of G.L. 1956 § 45-15-5, which provides:
 "Every person who has any money due him or her from any town or city, or any claim or demand against any town or city, for any matter, cause, or thing whatsoever, shall take the following method to obtain what is due: The person shall present to the town council of the town, or to the city council of the city, a particular account of that person's claim, debt, damages, or demand, and how incurred or contracted, which being done in case just and due satisfaction is not made to him or her by the town or city treasurer of the town or city within forty (40) days after the presentment of the claim, debt, damages, or demand, the person may commence his or her action against the treasurer for the recovery of the complaint."
Our Supreme Court has stated that G.L. 1956 § 45-15-5 "sets out the steps that every person who has a monetary claim against a municipality must follow." Shackleton v. Coffee An Service, Inc., 657 A.2d 544, 545 (R.I. 1995) (citing Bernard v. Alexander, 605 A.2d 484, 485 (R.I. 1992)) ("there is no question that § 45-15-5 requires every person who has a monetary claim against a municipality to present to the town or city council a particular account of his or her claim") "The notice requirement may not be waived voluntarily or involuntarily." Lahaye v. City of Providence, 640 A.2d 978, 980 (R.I. 1994). In fact, the Supreme Court has recently held that the notice required by § 45-15-9
("Notice of injury on highway or bridge") is a jurisdictional condition precedent to bringing suit, and if a plaintiff fails to give such notice in a timely manner, the action must be dismissed because the Superior Court's jurisdiction has not been invoked properly. Provost v. Finlay,768 A.2d 1256, 1259 (R.I. 2001).
In the case at bar, there is nothing in the record whatsoever to show compliance with the clear mandate of the statute, which is a condition precedent to suit. See Super. R. Civ. P. Rule 9(c). On these circumstances, as Supreme Court authority indicates, the present action cannot be maintained. See Almeida v. Town of Tiverton, 639 A.2d 982 (R.I. 1994) (The Court properly granted the defendant-town's motion for summary judgment on the basis that the plaintiff, who was ordered by municipal zoning officers to cease and desist the construction of an apartment, failed to comply with § 45-15-5, which requires presentment of a claim for damages to the town council as a first step in obtaining redress.) For the above mentioned reasons, the Plaintiff's complaint is dismissed.
 SPECIAL DUTY
The Court does note that in its brief submitted to this Court and for the first time on the record, plaintiff has argued that the City of Newport owed him a special duty, the breach of which is a tort that does not lend itself to governmental immunity. In essence, Plaintiff contends that this special duty came into existence as a result of the Plaintiff's prior contacts with municipal officials, who then knowingly embarked on a course of conduct that endangered the Plaintiff. See Boland v. Town of Tiverton, 670 A.2d 1245, 1248 (R.I. 1996).
In the present case, the prior contact referred to by the Plaintiff is manifested in the form of a letter sent by the Zoning Officer to the Plaintiff, which represents that the culinary school would be approved if certain criteria were met. (Letter of September 13, 1994.) Further communications between the parties in October of that same year indicate that the school use was finally approved by the City Zoning Officer. It is these representations which the Plaintiff alleges were egregiously and knowingly dishonored by the City Zoning Officer in 1996, when he ordered Plaintiff to halt plans for the culinary school based on the pending appeal of his earlier decision, which had the effect of approving the school, subject to review by the Zoning Board. Primary to a consideration of this issue, it is vital for this Court to point out that the aforementioned cause of action sounds in tort and was never raised or presented by the pleadings, in particular, the complaint. The record in this case, most importantly the agreed statement of facts submitted by the parties, clearly shows that that the issue of an alleged special duty breach was never in fact implied, expressly mentioned, or raised in any document prior to Plaintiff's brief, which was filed with this Court approximately six months after the agreed statement of facts. In their reply brief, Defendant has objected to the sudden and abrupt emergence of this tort claim.
The outcome of Defendant's objection turns on an interpretation of Super. R. Civ. P. 15(b). Rule 15(b) provides in pertinent part ". . . failure so to amend does not affect the result of the trial of [those] issues." In fact, when issues not originally pleaded are subsequently raised at trial without any objection, the variance between the allegations in the pleading and the proof is of no significance. See Lamont v. Central Real Estate Co., 294 A.2d 195, 197 (R.I. 1972). However, the record in the present case sets forth circumstances that vary greatly from a situation in which issues not raised by the pleadings are tried by express or implied consent of the parties. The agreed statement of facts in this case, which essentially defines the central issues to be decided by this Court, was agreed to at a time when the Defendant was wholly without notice of this tort claim, and certainly without notice of the allegation that Defendant owed Plaintiff a special duty. See Bresnick v. Baskin, 650 A.2d 915 (R.I. 1994) (Because the plaintiffs failed to provide notice, their request to amend was properly denied). It was not until briefs based on the stipulated facts were submitted to this Court that the tort claim arose. Such a situation is analogous to one in which both parties have rested their respective cases, only to have one party raise an issue in closing that was completely obviated from the admission of evidence. Certainly under those circumstances an objection and contemporaneous motion to strike would be entirely appropriate. Furthermore, the prospect of allowing the Plaintiff to raise an entirely new cause of action six months subsequent to stipulation of facts would condone a surprise situation, one which the Defendant had no way of defending against or preparing for, especially during their construction and review of the agreed statement of facts. At no time throughout the pendency of the present action has Plaintiff moved to amend his pleading so as to conform to the evidence; and in no way has Plaintiff's proof given the Defendant some advance indication of a change in Plaintiff's theory of the case. See Kenney v. Providence Gas Co.,118 R.I. 134, 372 A.2d 510 (1977).
While the unquestionable purpose of Rule 15 "is to afford a litigant a reasonable opportunity to have his claim tried on the merits rather than a procedural technicality," this Court finds that justice is not served by unilaterally permitting Plaintiff to alter his theory of the case, not having given the Defendant a chance to elicit facts during the stipulations which may have proved germane to the Plaintiffs new tort theory. Id. Consequently, the degree of surprise in the present case prevents this Court from entertaining the Plaintiff's tort claim regarding breach of a special duty.
In addition, assuming arguendo that this Court could consider Plaintiff's special duty claim, nothing in the agreed statement of facts serves to establish that the City Official knowingly embarked on a course of conduct or may have knowingly foreseen that his actions could potentially harm the Plaintiff. See Catri v. Hopkins, 609 A.2d 966 (R.I. 1992). Rather, the facts indicate that the Zoning Officer denied the issuance of a building permit because a neighbor of Fairlawn had appealed the Officer's earlier approval of the culinary arts school, the Zoning Officer's decision, of course, not being final. Indeed, the Zoning Enabling Act empowers a zoning board to hear appeals from the decision of an administrative officer "where it is alleged there is an error in any order, requirement, decision, or determination . . ." § 45-24-57(A)(1); See also (Letter of April 11, 1996.) The complete lack of evidence in the record from which this Court could infer the requisite "knowing" or "egregious" conduct is fatal to Plaintiff's claim regarding breach of a special duty. Moreover, the agreed statement of facts clearly indicates the absence of monetary damages flowing from the April 11, 1996 denial of the building permit. (Agreed Statement of Facts, No. 23.)
 RELIANCE DAMAGES
This Court further notes that in light of the aforementioned analysis, the Court is left to evaluate Plaintiff's pleaded claim that reliance damages were suffered due to "assurances made by the City's Zoning Enforcement Officer that the plaintiffs had a right to establish a culinary school at Fairlawn. . . ." (Complaint, No. 7.) Plaintiff seems to imply in the complaint that these assurances were accepted, the result being the formation of an enforceable contract which was breached by the Zoning Officer's subsequent denial of the building permit. Furthermore, the complaint advances promissory estoppel as Plaintiff's theory of recovery, presumably in the event that an enforceable contract is not found.
However, under the particular circumstances of this case, these theories of recovery do not form a basis upon which relief may be granted. As set forth in the agreed statement of facts between the parties, the Zoning Enforcement Officer denied the issuance of a building permit because an appeal had been taken from his earlier decision approving the project. Under such circumstances the Zoning Officer's actions cannot be said to have been in breach, but rather, fully in accordance with applicable Rhode Island law setting forth zoning appeal procedures. Indeed, G.L. § 45-24-64 provides, "An appeal to the zoning board of review from a decision of any other zoning enforcement agency or officer may be taken by an aggrieved party." In addition, § 45-24-65
provides, "An appeal shall stay all proceedings in furtherance of the action appealed from, unless the zoning enforcement officer or agency from whom the appeal is taken certifies to the zoning board of review, after an appeal has been filed, that by reason of facts stated in the certificate a stay would in the officer's or agency's opinion cause imminent peril to life or property." Hence, this statutory framework clearly bestows a great deal of discretion upon the Zoning Officer in deciding whether or not to let projects proceed. Where the legislature has set forth a procedure such as that relevant to zoning appeals, it is not the function of this Court to override that procedure by applying general contract law in contravention of explicit administrative avenues. Considering that the determinations of a Zoning Officer are subject to appellate review, it cannot be said that Plaintiff's reliance on the representation of the Zoning Officer was reasonable and in good faith. See Greenwich Bay Yacht Basin Association v. Brown, 537 A.2d 988
(R.I. 1988) (Equitable estoppel against administrative and municipal authorities is only appropriate where expenditures of a substantial nature have been incurred in reliance of a good faith nature.) Therefore, this Court finds that Plaintiff's purported theories of recovery are unavailing in relation to the administrative appeal at issue.
Assuming Plaintiff's claim were meritorious, the Plaintiff still has failed to sufficiently demonstrate any measure of damages. In fact, of the damages that Plaintiff cites in his complaint-rehabilitation of Fairlawn, subsequent negotiations with Salve Regina University, arrangements to employ faculty, arrangements to enroll students, publicity expenses, humiliation, embarrassment, lost revenue, acquisition expenses, attorney's fees, costs-none is demonstrated with any degree of clarity in the agreed statement of facts. Indeed, in the instant case, the agreed statement of facts, upon which Plaintiff's claim for damages must rest, merely states in respect to damages, "The plaintiffs incurred no monetary damages during the period from the denial of the building permit for the culinary kitchen in April 1996 up to the issuance of the May 6, 1996 court order." (Agreed Statement of Facts, No. 23.) The very next paragraph in the agreed statement of facts goes on to state, "Meanwhile, plaintiffs abandoned their plans to construct and operate a culinary arts school and entered into negotiations with Salve Regina University to sell Fairlawn to the University." Moreover, the facts make it evident that Plaintiff sold Fairlawn for 1.6 million dollars in 1997, more than double the amount that was paid for the property. Therefore, it is apparent that Plaintiff's assertion of damages within the complaint was not validated or verified by any proof of damages in the agreed statement of facts. The closest that the Plaintiff comes to an assertion of damages is an admission that none were incurred. Under the present facts, the record is devoid of any evidence relating to damages In light of the fact that Plaintiff's claimed damages stem from the Newport Zoning Officer's denial of a building permit, and the fact that no damages are sufficiently alleged to have resulted from that denial, this Court finds that Plaintiff has not met his burden and accordingly declines to award damages.
 CONCLUSION
For the above reasons, Plaintiff's claim for reliance damages flowing from the City Zoning Officer's assurances is dismissed. The Court also takes note of the insufficient facts to justify an award of damages in the present case. Accordingly, judgment is entered for the Defendant. Counsel shall prepare the appropriate order after notice.