Florence B. Hoyt *vs.* Howard V. Allen, C. T.

NOVEMBER 20, 1935.

Present: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

Per Curiam. This action of trespass on the case for negligence is brought against the city of Warwick, through its city treasurer, for failure to keep a certain highway safe and convenient for travelers. The case was tried before a jury, and a verdict of $1,165 was returned in favor of the plaintiff. The defendant's motion for a new trial was heard and denied. By his bill of exceptions, the defendant contends that the verdict is against the law, that it is against the evidence and the weight thereof, and that the damages are excessive.

The accident happened while the plaintiff and her seventeen year old son were walking along the southerly sidewalk of Beach avenue in Warwick in the early evening of November 24, 1933. Beach avenue is a principal cross-town street which intersects the main highway or West Shore Road, so-called, at or about the center of the village of Conimicut.

It is a hard-surfaced street, sixty feet wide, with a sidewalk on each side definitely defined by trees and sod curbings. Beach avenue in an easterly direction and in the immediate vicinity of the accident is closely built up. The evidence clearly shows that it is a public highway duly accepted in 1899, and that it has been frequently repaired and otherwise maintained by the municipality since that time.

The plaintiff claimed that the city of Warwick permitted a covered iron water pipe or shutoff—two and one half to three inches in diameter—to project some three or four inches above the traveled surface of the southerly sidewalk of Beach avenue at the place of the accident. She testified that while she was walking easterly on this sidewalk towards the West Shore Road, the front of her shoe came in contact with the shutoff, causing her to stumble for a step or two in trying to hold her balance and finally to fall prostrate to the ground, face down and with her right arm doubled under her body.

A number of witnesses stated that the shutoff in question had projected above the sidewalk as described by the plaintiff for some three or four years and that they had seen pedestrians and children stumble over it at various times during this period. The defendant contended first, that if the pipe became exposed it was due to the rain washing away the soil from around the shutoff; secondly, that the city had no actual notice of the defect, if it in fact existed, and finally, that the plaintiff was guilty of contributory negligence in not seeing the obstruction before she tripped and fell. For some unexplained reason the city itself, through an employee of its water department, put in evidence the fact that a week or so before the trial of this case in the superior court it caused the shutoff to be lowered some three inches to make it flush with the ground.

The defendant's claim that the shutoff was exposed by the elements and that it had no actual notice of its existence is without merit. An abundance of proof established the fact that this capped iron pipe had been permitted to con-

tinue in the location and manner described by the plaintiff for a period of three or four years. A municipality, while not an insurer, has the duty of keeping its sidewalks in a reasonably safe condition for travel. If an obvious defect or other dangerous condition likely to cause injury to a pedestrian is created by the municipality itself or is allowed to continue in a sidewalk for such a length of time that the city officers knew or in the exercise of ordinary care should have known of its existence, the municipality is liable to a pedestrian who, in the exercise of due care, is injured because of such defect or condition. *Quinn v. Stedman*, 50 R. I. 153.

The question of the plaintiff's due care is ordinarily one of fact. The plaintiff in the instant case, a woman fifty-two years of age who lived on the northerly side of Brook avenue, testified that before the evening in question, she had always used the sidewalk on that side of the street whenever she went to or from Conimicut; that shortly before the accident she was obliged to cross to the southerly sidewalk by traffic conditions; that it was dark at the time and that she had no knowledge of the location or character of the shutoff which caused her to stumble and fall. Under these circumstances the question of contributory negligence was properly submitted to the jury. *Duffney v. Clarke, T. T.*, 44 R. I. 495.

The plaintiff's injuries were such as might reasonably come to a woman of her age, who, without warning, is thrown headlong to the ground. In addition to injuries to her right arm, back, hip and knees, she suffered some abdominal disturbance and a hernia, which required an operation to cure. Dr. W. H. Palmer, called by the defendant, frankly admitted that "a hernia could follow such a fall" and that, considering the improvement which the plaintiff had made in her general physical condition, she would completely recover "in the course of a few weeks to a few months."

The award of $1,165 as damages by the jury is not excessive.

All defendant's exceptions are overruled and the case is remitted to the superior court for the entry of judgment on the verdict.

*Quinn, Kernan & Quinn*, for plaintiff.

*Russell H. Hawkins*, for defendant.