261 A.2d 277.

Theresa Barroso *vs.* Maurice O. Pepin, *Treasurer of the City of Woonsocket.*

JANUARY 29, 1970.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This civil action was brought by the plaintiff against the defendant in his capacity as Treasurer of the city of Woonsocket pursuant to the provisions of G. L. 1956, §45-15-5, to recover damages for injuries alleged to have been sustained by a fall on a sidewalk in that city. Thereafter, a justice of the Superior Court heard and denied the defendant's motion for summary judgment. Subsequently, the case was reached for jury trial, and the defendant urged consideration of its special plea in defense. In the plea it alleged that the right to sue a municipality in these circumstances is conferred by statute, namely, §§45-15-8 and 45-15-9, and that, because the plaintiff, in purporting to bring the action, had failed to comply with the pertinent provisions of the statute, her suit ought to be dismissed. The defendant, in effect, was raising the issue of the court's jurisdiction over the subject matter of the action and, it is clear, was moving to dismiss for want of jurisdiction over the subject matter, an optional motion provided for in Rule 12 (b) of the Rules of Civil Procedure of the Superior Court.

In the course of the hearing on defendant's motion, plaintiff conceded that she had neglected to provide defendant city with notice of the injuries within 60 days after the occurrence thereof as is provided in §45-15-9. The justice hearing the motion held that in order to maintain a suit under these statutes, the plaintiff must establish that notice was given the municipality within the 60 days provided for in the statute and ruled that, such notice not having been given, the motion to dismiss would be granted and judgment would be entered for defendant. From this judgment plaintiff is prosecuting an appeal to this court.

The plaintiff urges that the trial justice erred in holding that the provision of §45-15-9 requiring that a municipality

be given notice within 60 days of the occurrence of an injury resulting from its neglect to keep its highways in repair is jurisdictional and that, therefore, her failure to give such notice required a dismissal of her action for want of jurisdiction. A close examination of plaintiff's brief suggests that she does not contend that the notice requirement of the statute is not a condition precedent to the right to bring suit for injuries sustained in such manner in cases to which the statute is applicable. Rather, she appears to argue that the statute is not applicable in the instant case because, as we understand her, the remedy provided therein does not apply to injuries sustained by reason of neglect to keep a sidewalk in repair, her fall having occurred on a sidewalk, and, second, that where the neglect to keep the highway in repair was the allowance of the accumulation of snow or ice, a separate remedy is provided by the provisions of §§24-5-13 and 24-5-14.

We are persuaded that plaintiff misconceives the thrust of chap. 5 of title 24. "Section 24-5-1 imposes upon municipalities the obligation to repair and amend their highways 'so that the same may be safe and convenient for travelers with their teams, carts and carriages at all seasons of the year * * *.' It is settled that the statutory obligation thus imposed constitutes a governmental function for the negligent performance of which a municipality is not subject to liability unless the same be specifically imposed by statute." *Karczmarczyk* v. *Quinn,* 98 R. I. 174, 179, 200 A.2d 461, 464.

In §24-5-13 civil liability is imposed on the towns by statute, making such towns liable to those who in any wise suffer injuries to their persons or property by reason of the neglect to keep the highways in repair, the same to be recovered in an action of the case. In short, §24-5-13 abrogates the doctrine of municipal immunity where travelers

sustained injuries by reason of the towns' failure to comply with the provisions of §24-5-1.

The legislature in chap. 15 of title 45 provided that towns may sue and be sued and provided generally for actions by and against municipalities. In §45-15-5, the legislature required that every person who shall have claims against any city or town "* * * for any matter, cause or thing whatsoever, shall take the following method to obtain the same, to wit * * *" which required such person to render to the city or town council an account of his claim, debt, damages or demand and how incurred or contracted and provided that "* * * in case just and due satisfaction is not made him by the town or city treasurer of such town or city within forty (40) days after the presentment of such claim, debt, damages or demand aforesaid, such person may commence his action against such treasurer for the recovery of the same."

In implementation of the waiver of governmental immunity set out in §24-5-13, the legislature has specifically provided the procedures for bringing an action to recover for injuries sustained by reason of a defect in a highway. This is provided for in §§45-15-8 and 45-15-9. Section 45-15-8 provides that any person who has sustained injuries by reason of a defective condition of a highway which a town is required by law to maintain in a condition safe for travelers, where such injuries might have been prevented by the exercise of reasonable care on the part of the town, "* * * may recover, in the manner hereinafter provided, of such town the amount of damages, sustained thereby, if such town had reasonable notice of the defect * * *." Section 45-15-9 is procedural, providing for the notice that shall be given in the course of bringing such an action as is provided for in §45-15-8. The statute provides: "A person so injured or damaged shall, within sixty (60) days thereafter, give to the town by law obliged to keep such

highway, causeway, or bridge in repair, notice of the time, place, and cause of such injury or damage; and if the said town shall not make just and due satisfaction therefor, within the time prescribed by §45-15-5, he shall, within one (1) year after the date of such injury or damage, commence his action against the town treasurer for the recovery of the same, and not thereafter."

In *Karczmarczyk* v. *Quinn, supra,* we held that the statutory remedy herein provided was created by the legislature and, therefore, it must be conceded that in such circumstances the jurisdiction of the court depends upon strict compliance with the terms set out in the statute as a condition precedent to access to the courts for the relief contemplated. It is fundamental that when a legislature establishes a right of action against a municipality for the recovery of damages for injuries sustained by reason of the negligent maintenance of its highways by that municipality, it may also provide as a condition precedent to access to the courts that a notice in writing of such claim for injuries be presented to the municipal authorities within some specified period of time after the injuries were sustained. *Neuenschwander* v. *Washington Suburban Sanitary Commission,* 187 Md. 67, 48 A.2d 593.

This view is consistent with the view taken by a majority of courts to the effect that where such remedies against municipalities are of statutory origin, whatever requirements of notice are therein set out are conditions precedent to the right of action. In *Paddock* v. *Town of Brookline,* 347 Mass. 230, 231-232, 197 N.E.2d 321, 322, the court said: "Not only is the giving of the statutory notice a condition precedent to the bringing of an action, it is also an essential ingredient indispensable to the existence of the cause of action." See also *Carlson* v. *Village of Glen Ellyn,* 21 Ill.App.2d 335, 158 N.E.2d 225; *MacLeod* v. *Town of Milford,* 25 Conn. Sup. 70, 196 A.2d 604.

The plaintiff argues, however, that she is not relying upon the remedy provided in §24-5-13 and for which procedures as to notice are prescribed by §45-15-9. She contends that a remedy is provided by the provisions of §24-5-14 and that the notice requirements which are prescribed in §45-15-9 are not required with respect to the remedy so provided in §24-5-14. Section 24-5-14 provides, in substance, that "The several towns shall provide by ordinance in such manner and under such penalties as they may deem expedient, for removing snow from the public highways so as to render the same passable with teams, sleds and sleighs * * *." It is clear, then, that basically §24-5-14 is enabling legislation designed to empower the municipalities to enact ordinances which shall prescribe the manner for removing snow from its public ways and providing for penalties for violations of such ordinances.

The statute then goes on to provide: "* * * but nothing in this chapter contained shall be so construed as to render any town or city liable for any injury to person or property caused by snow or ice obstructing any or any part of the highways therein, unless notice in writing of the existence of the particular obstruction shall have been given to the surveyor of highways * * * at least twenty-four (24) hours before the injury was caused, and such town or surveyor shall not thereupon within said time have commenced the removal of such obstruction * * *."

We are unable to agree that the proviso referred to above was intended by the legislature to establish a separate remedy available to those who are injured by reason of the obstruction of the highways by accumulations of snow or ice. It appears rather that the proviso operates as a limitation on the availability of the cause of action provided in §45-15-8 in those cases in which the injuries resulted from the existence of obstructions in the highways by accumulations of snow or ice. This limitation requires

508

that notice in writing be given to the town of the existence of the accumulation of obstructions at least 24 hours before the injuries were sustained. In short, it is our view that the legislature, in enacting §24-5-14, did not intend to establish any distinct and separate remedy applicable in snow and ice cases but did intend to restrict the availability of §45-15-8 in such cases.

Neither can we agree with the plaintiff's argument that the remedy provided in §45-15-8 is not available to those who have been injured by the municipality's neglect to maintain the sidewalks in a safe condition. Section 24-5-1 requires the municipalities to maintain the highways in full, including the sidewalks. The plaintiff has referred us to no authority that distinguishes between the obligation to maintain the highways and the sidewalks. It appears to be well settled in this state that the liability of a municipality to keep its sidewalks safe is established by statute. In *Child* v. *Greene*, 51 R. I. 477, 155 A. 664, this court held in express terms that the duty to maintain sidewalks in a state of repair suitable for the passage of the public was imposed by statute, citing a statute which is predecessor to §24-5-1. We conclude that while a municipality is not an insurer with respect to the condition of the sidewalks, it has the duty to exercise due care to keep such walks in a reasonably safe condition for travel. *Hoyt* v. *Allen*, 55 R. I. 360, 181 A. 411; *Quinn* v. *Stedman*, 50 R. I. 153, 146 A. 618.

The plaintiff's appeal is denied and dismissed, and the judgment appealed from is affirmed.

*Rustigian and Rosenfield, Lloyd A. G. Rustigian,* for plaintiff.

*Walter H. Sharkey and M. Durkan Cannon,* for defendant.