Mary B. ALFANO

v.

Jane E. LANDERS.

No. 89–332–Appeal.

Supreme Court of Rhode Island.

Feb. 5, 1991.

Ronald J. Resmini, Mary Ann Violette, Ronald J. Resmini, Ltd., Providence, for plaintiff.

Kevin S. Cotter, Gunning, LaFazia & Gnys, Inc., Providence, for defendant.

OPINION

KELLEHER, Justice.

This is a legal malpractice action. The plaintiff, Mary B. Alfano (Alfano), comes before us on an appeal from a summary judgment granted in favor of the defendant, Attorney Jane E. Landers (Landers). We affirm.

On March 7, 1986, Alfano attended a high school hockey game at the Dennis M. Lynch Arena. Both the arena and the surrounding parking lot are owned by the city of Pawtucket (city). Alfano parked her automobile on a street adjacent to the arena. When the game ended, Alfano walked out into the parking lot in front of the arena. The parking lot is divided by a cement barrier (divider) that runs the length of the lot. The divider is six inches in height and four to five feet in width. There are light stanchions on the divider. As Alfano was walking along the divider, she stumbled over a pipe protruding two to three inches above the divider and fell, sustaining various injuries.

Shortly after the mishap, Alfano retained the services of Landers. Landers kept periodic contact with Alfano until September 1986. At that time, Landers notified Alfano that she (Landers) had decided to withdraw from the lawsuit. Landers also told Alfano to consult another lawyer.

Within a month Alfano retained the services of her current counsel. Alfano then filed a complaint against the city, alleging that the city had negligently maintained its property. The city never answered the complaint. Alfano then applied for a default judgment.

The trial justice dismissed Alfano's claim. The reason for this dismissal was that Alfano had failed to give notice of the claim to the city council of Pawtucket as required by G.L.1956 (1988 Reenactment) § 45–15–5. However, Alfano could have refiled the complaint within one year pursuant to G.L. 1956 (1985 Reenactment) § 9–1–22.[1]

---

1. General Laws 1956 (1985 Reenactment) § 9–1–22 provides: "If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff * * * may commence a new action

Alfano never refiled the complaint against the city. Instead, she filed a complaint against Landers. The complaint alleged that Landers had been negligent in failing to notify the city "within the time prescribed under statute." Landers then moved for a summary judgment.

At the summary judgment hearing, Landers argued that Alfano was not injured on a sidewalk and therefore was not required to notify the city pursuant to § 45–15–9. Alfano argued that the divider was a public sidewalk within the ambit of § 45–15–9. The trial justice found for defendant, stating that the divider was "in no way, a sidewalk." Alfano now appeals the granting of the summary judgment.

Before us is the question of whether the trial justice erred in the granting of defendant's motion for a summary judgment. In ruling in favor of Landers, the trial justice found that the divider was not a public sidewalk as a matter of law. The trial justice therefore refused to apply the provisions of § 45–15–9. Upon a careful examination of § 45–15–9, we agree.

As a preliminary matter, we shall first discuss the requirements of summary judgment pursuant to Rule 56 of the Superior Court Rules of Civil Procedure. In passing upon a motion for summary judgment, the trial justice must determine whether there is a genuine issue of material fact; if not, the trial justice must decide whether the moving party is entitled to judgment as a matter of law. *Ouimette v. Moran,* 541 A.2d 855, 856 (R.I.1988); *Greenwald v. Selya & Iannuccillo, Inc.,* 491 A.2d 988, 990 (R.I.1985).

Here, there is no genuine issue of material fact. The only question remaining is whether the divider in the parking lot of the Dennis M. Lynch Arena is a public sidewalk within the scope of § 45–15–9. This question is one of law, not one of fact. *See State v. Ranieri,* 560 A.2d 350 (R.I. 1989) (common hallway falls within definition of "dwelling house" as a matter of law); *State v. Austin,* 462 A.2d 359 (R.I. 1983) (statutory term "shop" includes business establishments as a matter of law).

upon the same claim within one (1) year after

Given that the issue of whether the divider falls within the scope of § 45–15–9 was properly before the trial justice, we move on to the provision itself.

Section 45–15–9(a) provides, in part, that "[a] person so injured or damaged shall, within sixty (60) days thereafter, give to the town by law obliged to keep the highway, causeway, or bridge in repair, notice of the time, place, and cause of the injury or damage." It is well settled that the responsibility of a municipality to keep its highways safe includes sidewalks. *Barroso v. Pepin,* 106 R.I. 502, 508, 261 A.2d 277, 280 (1970). Chapter 15 of title 45 does not, however, define the term "sidewalk." For a definition, we must look elsewhere in the General Laws of Rhode Island.

General Laws 1956 (1982 Reenactment) § 31–1–23, as amended by P.L.1982, ch. 302, § 1 generally defines types of roads. Section 31–1–23(d) defines "sidewalk" as "[t]hat portion of a street between the curb lines, or the lateral lines of a roadway, and the adjacent property lines intended for the use of pedestrians."

A "roadway" is defined to be "[t]hat portion of a highway improved, designed, or ordinarily used for vehicular travel, exclusive of the sidewalk." Section 31–1–23(c).

Lastly a "highway" or a "street" is defined as "[t]he entire width between boundary lines of every way when any part thereof is open to the use of the public for purposes of vehicular traffic." Section 31–1–23(a).

The term "sidewalk" is thus given a specific meaning within § 31–1–23. It is the portion of the highway that is adjacent to the roadway. Together, a sidewalk and a roadway make up a highway or a street.

In the matter before us, as noted earlier, Alfano was walking on an elevated divider separating two portions of a parking lot. There were light stanchions situated on this divider. As the parking lot cannot be

the termination."

considered a roadway, the divider cannot be considered a sidewalk. We therefore agree with the trial justice that the divider was not a sidewalk within the meaning of § 45–15–9. Furthermore we agree with the granting of summary judgment as a matter of law.

Alfano's appeal is denied and dismissed, and the judgment appealed from is affirmed.