[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Plaintiff, in NC870432, Joan J. Almeida v. Tiverton ZoningBoard, et al, appealed the zoning board's denial of her request for a variance, and its upholding the building inspector's order to cease and desist certain construction on her property. This Court affirmed those decisions, and the Supreme Court, in slip opinion 90-608 M.P., April 29, 1992, denied certiorari.
The case now before the Court is plaintiff's lawsuit against the town of Tiverton, its building inspector, and its last previous building inspector. It relates the issuance of a building permit, start of construction, the cease and desist order, and application to the zoning board for redress, all of which were addressed in the zoning appeal. Money damages were sought not only for losses in connection with the construction, but for plaintiff's mental anguish, with its attendant special damages. She also, in Count III sought damages for negligent failure of the town to establish proper procedures for training and hiring competent building inspectors. That lawsuit was put on hold pending the disposition of the zoning appeal.
Defendants now move for summary judgment on the grounds that denial of certiorari in the zoning appeal constitutes a bar to this action under the public duty doctrine. The Court has considered the motion and plaintiff's objections thereto.
To prevail in a negligence action against a municipality a plaintiff must show breach of a duty owed to him or her in individual capacity, and not merely breach of an obligation generally owed to the public. Ryan v. State of Rhode Island,420 A.2d 841 (R.I. 1980). Cf. O'Brien v. State of Rhode Island,555 A.2d 334 (R.I. 1989).[1] A reading of plaintiff's complaint in the light most favorable to her fails to disclose the existence of any special relationship here which would trigger a duty of care giving rise to potential liability. See Catone v.Medberry, 555 A.2d 328 at 330, 1. And there is nothing else in the record before the Court which would permit even the drawing of an inference as to that.
Under circumstance here present, the individual defendants are blanketed by the municipality's immunity. Municipal officers are not liable for damages resulting from acts performed within the scope of their public and official authority and duties. See 62 CJS Municipal Corporations § 545b and cases cited. Defendants' motion should be and hereby is granted.
Also here, defendants moved to amend their answer, adding defense under R.I.G.L. 1956 as amended § 45-15-5, which requires presentation of a claim for damages to the town council as the first step in obtaining redress. That motion to amend was mailed by defendants counsel to plaintiff's counsel on May 11, 1990, noticed for hearing June 4, 1990. It was granted by Rule of Court. Thereafter, objection to that motion was filed by plaintiff, mailed June 6th, and received in the clerk's office June 8th, 1990. The objection was not timely (see R.C.P. Rule 7(3)) and is a nullity. The amended answer stands.
Plaintiff here made no averment she presented her claim to the town. There is nothing in the record to show compliance with the mandate of the statute, which is a condition precedent to suit. On that grounds too, as to the town, the action cannot be maintained. Barroso v. Pepin, 106 R.I. 502 at 506.
The clerk will forthwith enter judgment for defendants for costs.
[1] And see Haley v. Town of Lincoln et al, slip opinion 90-586-A, June 25, 1992 and Catri v. Hopkins et al, slip opinion 91-239-Appeal, June 26, 1992.