**Joan PROUT**

v.

**CITY OF PROVIDENCE et al.**

**No. 2007–215–Appeal.**

Supreme Court of Rhode Island.

June 10, 2010.

John D. Osei, Esq., for Plaintiff.

Melissa Chesnov Tucker, Esq., for Defendant.

Present: SUTTELL, C.J.,
GOLDBERG, FLAHERTY, and
ROBINSON, JJ.

## OPINION

Justice GOLDBERG, for the Court.

This case came before the Supreme Court on April 6, 2010, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. The plaintiff, Joan Prout (Prout or plaintiff), appealed from the Superior Court's entry of summary judgment in favor of the defendant, the City of Providence (city). After reviewing the memoranda submitted by the parties and the arguments of counsel, we are satisfied that cause has not been shown. Accordingly, we shall decide this case without further briefing or argument. We affirm.

### Facts and Travel

On July 11, 2005, Prout filed a notice of claim with the Providence City Council for injuries that occurred on May 18, 2005, when she stepped onto what she alleged was a "negligently maintained sewer grid and/or cover having a defect, namely a missing rail and/or rod[.]" The plaintiff thereafter filed a complaint in the Superior Court alleging that the sewer grid was improperly maintained; she sought damages for personal injuries and medical expenses. Both the notice of claim that Prout filed with the city and her complaint to the Superior Court described the location of the injury as "at or near Glenham Street" in Providence. The city answered

the complaint and moved for summary judgment, contending that the notice of the place of injury was insufficient as a matter of law. In turn, plaintiff filed a motion seeking to amend her complaint to modify the location of the injury to "at or near Glenham Street, corner of Taylor Street."

A hearing was held in Superior Court on November 21, 2006, at which time the trial justice ordered the parties to submit supplemental memoranda concerning Glenham Street and its surrounding area so that he might determine whether the location of the injury as set forth in the notice was sufficient. On January 30, 2007, at a second hearing before a different trial justice, the city's motion for summary judgment was granted. The trial justice found that Prout's notice of claim failed to comply with the requirements of G.L.1956 § 45–15–9, which states in relevant part:

> "(a) A person so injured or damaged shall, within sixty (60) days, give to the town by law obliged to keep the highway, causeway, or bridge in repair, notice of the time, place, and cause of the injury or damage; and if the town does not make just and due satisfaction, within the time prescribed by § 45–15–5, the person shall, within three (3) years after the date of the injury or damage, commence his or her action against the town treasurer for the recovery of damages, and not thereafter."

Likewise, Prout's motion to amend her complaint was denied; the trial justice concluded that the proposed amendment would not cure the fatal defect in this case because the sixty-day period for the notice of appeal as specified by § 45–15–9 had expired.

The plaintiff timely appealed to this Court, and argues that the grant of summary judgment was erroneous because her complaint set forth adequate notice of the specific facts necessary to satisfy the requirements of § 45–15–9. Specifically, plaintiff contends that the complaint identified the street and location of the sewer grid that caused her injuries and therefore met the statutory prerequisites.

### Standard of Review

This Court reviews a trial justice's decision to grant summary judgment on a *de novo* basis. *United Lending Corp. v. City of Providence*, 827 A.2d 626, 631 (R.I.2003). We will affirm such a decision only if "after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Lucier v. Impact Recreation, Ltd.*, 864 A.2d 635, 638 (R.I. 2005) (quoting *DiBattista v. State*, 808 A.2d 1081, 1085 (R.I.2002)). Moreover, the party opposing summary judgment "has the burden of proving by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." *Id.* (quoting *D'Allesandro v. Tarro*, 842 A.2d 1063, 1065 (R.I.2004)).

### Analysis

Because the cause of action arises from the city's statutory duty to maintain its highways, the issue in this case stems from the requirements provided by G.L.1956 § 24–5–1.[1] The General Assembly has

---

1. General Laws 1956 § 24–5–1 states:
   "(a) All highways, causeways, and bridges, except as provided by this chapter, lying and being within the bounds of any town, shall be kept in repair and amended, from time to time, so that the highways, causeways, and bridges may be safe and convenient for travelers with their teams,

provided that an injured person may recover for injury or damages arising from a municipality's failure to keep its highways in a safe condition. In cases in which an injury could have been prevented by reasonable care, § 45–15–8[2] sets forth a mechanism through which injured citizens may recover for their losses. However, they may do so only in accordance with a strict statutory scheme that requires sufficient notice of the place of the injury, and an adequate description of the alleged defect that gave rise to the injury; further, the statute requires that the notice of claim must be filed within sixty days of the incident. Section 45–15–9.

■ It is well settled that compliance with these statutory requirements is a condition precedent that must be satisfied for a plaintiff to maintain a suit against the municipality. See Marshall v. City of Providence, 633 A.2d 1360, 1361 (R.I.1993) (mem.) (determining that providing a municipality with an adequate notice of claim is a condition precedent to filing a civil action and holding that said condition may not be waived); Barroso v. Pepin, 106 R.I. 502, 506, 261 A.2d 277, 279 (1970) (discussing the fundamental principle that the General Assembly may, as a condition precedent to access to the courts, require that a written notice of claim for injuries be presented to the municipal authorities

within some specified period after the injuries were sustained); Maloney v. Cook, 21 R.I. 471, 472, 44 A. 692, 692 (1899) (finding that a notice that plaintiff was injured "while walking on the southerly side" of a street a quarter of a mile long, the cause of the injury being "the defective condition of said sidewalk," did not sufficiently designate either the place of the injury nor the defect that caused it, and thus plaintiff failed to satisfy the condition precedent). As such, failure to provide proper notice is fatal to a suit brought under § 45–15–9.

■ Although, the notice need not fix the exact location of the defect, it must describe the locale in a reasonably sufficient manner. See Lahaye v. City of Providence, 640 A.2d 978, 980 (R.I.1994) (determining that the notice of claim, which excluded the actual area where the accident occurred, was inadequate as a matter of law) (citing Malo v. McAloon, 65 R.I. 26, 31, 13 A.2d 245, 247 (1940)); see also Mushnick v. City of Providence, 692 A.2d 700, 700 (R.I.1997) (mem.) (dismissing a claim because the notice simply alleged that the injury occurred "because of a defect in the sidewalk" and did not adequately describe the cause of the injury).

■ The notice requirement set forth in § 45–15–9 is intended to facilitate timely and efficient investigation into a municipal-

---

carts, and carriages at all seasons of the year, at the proper charge and expense of the town, under the care and direction of the town council of the town, provided that the state shall be responsible for the annual cleaning of all sidewalks on all state highways, causeways, and bridges.

"(b) In addition, the surfaces of all highways and causeways shall be maintained in such a state of repair as to make them safe for bicycles."

2. General Laws 1956 § 45–15–8 provides:

"If any person receives or suffers bodily injury or damage to that person's property by reason of defect, want of repair, or insuf-

ficient railing, in or upon a public highway, causeway, or bridge, in any town which is by law obliged to repair and keep the same in a condition safe and convenient for travelers with their vehicles, which injury or damage might have been prevented by reasonable care and diligence on the part of the town, the person may recover, in the manner provided in this chapter, from the town, the amount of damages, sustained by the aggrieved person, if the town had reasonable notice of the defect, or might have had notice of the defect by the exercise of proper care and diligence on its part."

ity's liability. *See Maloney,* 21 R.I. at 473, 44 A. at 692; *see also Provost v. Finlay,* 768 A.2d 1256, 1257 (R.I.2001) (reasoning that the purpose of the notice requirement in § 45–15–9 is "to give the municipality an opportunity to investigate claims and, if appropriate, to settle them without litigation") (citing *Tessier v. Ann & Hope Factory Outlet, Inc.,* 114 R.I. 315, 318, 332 A.2d 781, 782 (1975)). Indeed, providing a municipality with prompt and adequate notice of a claim is intended to apprise the city of the allegation of negligence and afford it an opportunity to investigate the claim "while the facts are fresh and witnesses are available and before the conditions have materially changed, and to decide intelligently whether it is advisable to settle the claim and, if necessary, to prepare for trial." *Tessier,* 114 R.I. at 318, 332 A.2d at 782 (quoting *Lane v. Cray,* 50 R.I. 486, 488, 149 A. 593, 594 (1930)).

█ Accordingly, when a notice of claim fails to provide substantial certainty about the time and place of the injury and the character and nature of the defect that caused it, a suit for failure to maintain the property cannot be preserved. *See Tessier,* 114 R.I. at 318, 332 A.2d at 782. The requirements of § 45–15–9 must be strictly obeyed, and the notice requirement is a condition precedent to a plaintiff's right of action. *Moseley v. Fitzgerald,* 773 A.2d 254, 258–59 (R.I.2001).

█ In the case before us, plaintiff's notice failed to disclose the location where she sustained the injuries. The notice merely recited that she "was at or near Glenham Street" when she stepped out from the sidewalk onto the street. The phrase "at or near," is vague and imprecise and does not describe the location of the injury in any meaningful way. According to the record, Glenham Street is 1,249 feet long and has eighteen sewer grids. Because the General Assembly has made it

clear that there must be specificity in the notice of claim, the notice in the case at bar must be deemed insufficient. *See* § 45–15–9; *Maloney,* 21 R.I. at 472, 44 A. at 692.

We agree with the trial justice that the plaintiff's notice that the injury occurred "at or near Glenham Street" is insufficient as a matter of law; plaintiff's complaint failed to meet the statutory requirements necessary to maintain the action. *See* § 45–15–9.

█ Lastly, Prout's motion to amend her complaint to state "at or near Glenham Street, corner of Taylor Street" properly was dismissed by the Superior Court because the amended complaint would not cure the defect. Section 45–15–9 provides for a sixty day period in which an injured party may file or amend the notice of claim to the city, and that statutory time limit long had expired.

### Conclusion

For the reasons stated in this opinion, we affirm the grant of summary judgment and direct that the papers in this case be remanded to the Superior Court.

Justice INDEGLIA took no part in the consideration or decision of this appeal.