**Supreme Court**

No. 2011-276-Appeal.
(PC 08-4054)

Maria Carbone          :

          v.          :

John Ward, in his capacity as Finance     :
Director for the Town of Lincoln et al.

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Maria Carbone         :

v.               :

John Ward, in his capacity as Finance    :
Director for the Town of Lincoln et al.

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Goldberg, for the Court.** This case came before the Supreme Court on October 25, 2012, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. The plaintiff, Maria Carbone (plaintiff), appeals from the Superior Court's entry of summary judgment in favor of the defendants, John Ward, the finance director for the Town of Lincoln, and the Town of Lincoln (town) (collectively, defendants). Having reviewed the memoranda submitted by the parties and after the arguments of counsel, we are satisfied that cause has not been shown. Accordingly, we shall decide this case without further briefing or argument. We affirm.

## Facts and Travel

On April 3, 2008, plaintiff sent a notice of claim to the town for injuries she sustained on March 31, 2008, alleging that "the street collapsed under her, causing her to fall into a large sink hole." The place of incident was described as a "[s]idewalk and street outside of the Coventry Credit Union at the corner of Railroad Street and Summer Street." The notice stated that plaintiff "sustained serious personal injury due to this incident" and faulted defendants "for failure to properly maintain said area, resulting in a hazardous condition which injured Ms.

Carbone." On April 11, 2008, plaintiff sent a second notice, indicating that the injury occurred when she fell in a hole "on Winter Street parallel to Railroad Street in the Town of Lincoln/Manville, Rhode Island." The record reflects that the notice of April 3, 2008, which was sent by plaintiff's first attorney, may have been incorrect; the April 11, 2008 notice was sent by plaintiff's second—and current—attorney.

Thereafter, on June 12, 2008, plaintiff filed a complaint in the Superior Court alleging that, as a result of the town's failure to maintain its sidewalks in a safe condition, plaintiff suffered personal injuries when she fell into "a hole on Winter St., parallel to Railroad St., in Lincoln/Manville, RI."[1] The defendants filed a motion for summary judgment, arguing that the complaint should be dismissed because the notice of the place of injury was insufficient as a matter of law, based on G.L. 1956 §§ 45-15-9 and 45-15-10. The defendants contended that plaintiff misidentified the location where her injury occurred and that her descriptions of the location were inconsistent.

A hearing was held in Superior Court on January 12, 2010. The plaintiff argued that the notice was sufficient and, further, that the director of public works for the town acknowledged in an answer to interrogatories that the department had received a call from the Lincoln Police Department concerning plaintiff's injury. The plaintiff also argued that pretrial discovery revealed that orange cones had been placed at the scene of the incident and that the town's correspondence indicated that an investigation into the injury had been undertaken. These factors, plaintiff contended, established that the town "had notice of where this occurred."

---

[1] The plaintiff later moved to amend her complaint to add the State of Rhode Island (state) as a defendant; that motion was granted on January 15, 2009. In response, the state filed an answer and a cross-claim against the town, denying the allegation contained in the complaint, but alleging that if the state was found liable for plaintiff's injuries, then it would be entitled to full indemnification and/or contribution from the town. The defendants similarly filed a cross-claim against the state, asking for indemnification and/or contribution.

Although plaintiff conceded that the first notice was insufficient, she asserted that proper notice was sent on April 11, 2008. The defendants countered that "actual notice and compliance with [the] statutory prerequisite are two separate things" and that the second notice did not cure the original defect because it "cite[d] the location of the defect as a geographical impossibility." Indeed, defendants maintained that there was "no such place" as that to which plaintiff referred.

The trial justice granted defendants' motion for summary judgment, concluding that plaintiff's notice of claim failed to comply with the requirements of § 45-15-9. Section 45-15-9 provides in relevant part:

> "(a) A person so injured or damaged shall, within sixty (60) days, give to the town by law obliged to keep the highway, causeway, or bridge in repair, notice of the time, place, and cause of the injury or damage; and if the town does not make just and due satisfaction, within the time prescribed by § 45-15-5, the person shall, within three (3) years after the date of the injury or damage, commence his or her action against the town treasurer for the recovery of damages, and not thereafter."

The trial justice acknowledged plaintiff's contentions that the second notice cured the defects in the first notice and that, notwithstanding the written notices, plaintiff's argument that the town had actual notice of where the accident happened. He determined, however, that actual notice was not the issue before the court; "[i]t's a notice statute and our Supreme Court has declared several times that it's to be strictly construed." The trial justice concluded that the notice did not "provide sufficient detail to make an investigation possible" because the descriptions "excluded the actual area where the accident occurred" and "did not fix the location in a [reasonably] sufficient manner." The trial justice relied on Moseley v. Fitzgerald, 773 A.2d 254 (R.I. 2001), in which this Court stated that "[i]t is clear that the requirements of § 45-15-9 must be strictly obeyed and that the notice requirement is a 'condition precedent to the plaintiff's right of action, * * * and may not be waived.'" Moseley, 773 A.2d at 258 (quoting Morales v. Napolitano, 713

A.2d 193, 194 (R.I. 1998)). An order and a judgment based on Rule 54(b) of the Superior Court Rules of Civil Procedure entered on January 21, 2010.

The plaintiff timely appealed to this Court and argues that the Superior Court erred in dismissing the complaint based on insufficient notice of injury in accordance with § 45-15-9. In particular, plaintiff contends that the second notice identified the location where the injury occurred as being "on Winter Street parallel to Railroad Street." According to plaintiff, this constituted sufficient notice and the "minor misidentification" of Winter Street as running parallel to Railroad Street—when, in fact, it is perpendicular to Railroad Street—is of no import because defendants were able to identify the defective condition, as evidenced by the orange cones or barrels a town employee placed at the site.

**Standard of Review**

"This Court reviews <u>de</u> <u>novo</u> a trial justice's decision granting summary judgment." <u>Lynch v. Spirit Rent-A-Car, Inc.</u>, 965 A.2d 417, 424 (R.I. 2009); <u>see</u> <u>also</u> <u>United Lending Corp.</u> <u>v. City of Providence</u>, 827 A.2d 626, 631 (R.I. 2003). "Only when a review of the admissible evidence viewed in the light most favorable to the nonmoving party reveals no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law, will this Court uphold the trial justice's grant of summary judgment." <u>National Refrigeration, Inc. v. Standen Contracting Co.</u>, 942 A.2d 968, 971 (R.I. 2008) (quoting <u>Carlson v. Town of Smithfield</u>, 723 A.2d 1129, 1131 (R.I. 1999)).

**Discussion**

As a threshold matter, we address the validity of the notice of April 11, 2008, which plaintiff characterizes as curative of the first notice provided on April 3, 2008. The issue is whether the second notice was a timely amendment of the first notice. In <u>Prout v. City of Providence</u>, 996 A.2d 1139, 1143 (R.I. 2010), this Court considered whether notice under

- 4 -

§ 45-15-9 properly could be amended within the statutory sixty-day period. In that case, we noted that a plaintiff's motion to amend her complaint to clarify the location of injury properly was dismissed because "[§] 45-15-9 provides for a sixty day period in which an injured party may file or amend the notice of claim to the city, and that statutory time limit long had expired." Prout, 996 A.2d at 1143 (emphasis added). Here, plaintiff amended her notice within the statutorily prescribed timeframe and, therefore, we next address whether the second notice complied with the statute.

The General Assembly has allowed an injured person to recover for damages arising from a municipality's failure to keep its sidewalks in a safe condition.[2] General Laws 1956 § 24-5-1. Section 45-15-8 sets forth a mechanism through which injured citizens may recover for their losses in cases in which the injury could have been prevented by the exercise of reasonable care.[3] However, a citizen may recover only in accordance with a strict statutory scheme that requires sufficient notice of the place of injury and an adequate description of the defect that caused the injury. See § 45-15-9.

"It is well settled that compliance with these statutory requirements is a condition

---

[2] The statutory duty of municipalities to maintain all highways located within their borders "extends to sidewalks contiguous thereto." Town of Lincoln v. State, 712 A.2d 357, 358 (R.I. 1998); see also Barroso v. Pepin, 106 R.I. 502, 508, 261 A.2d 277, 280 (1970) ("It appears to be well settled in this state that the liability of a municipality to keep its sidewalks safe is established by statute.").

[3] General Laws 1956 § 45-15-8 states:

"[I]f any person receives or suffers bodily injury or damage to that person's property by reason of defect, want of repair, or insufficient railing, in or upon a public highway, causeway, or bridge, in any town which is by law obliged to repair and keep the same in a condition safe and convenient for travelers with their vehicles, which injury or damage might have been prevented by reasonable care and diligence on the part of the town, the person may recover, in the manner provided in this chapter, from the town, the amount of damages, sustained by the aggrieved person, if the town had reasonable notice of the defect, or might have had notice of the defect by the exercise of proper care and diligence on its part."

precedent that must be satisfied for a plaintiff to maintain a suit against the municipality." <u>Prout</u>, 996 A.2d at 1142 (citing <u>Marshall v. City of Providence</u>, 633 A.2d 1360, 1361 (R.I. 1993) (mem.) (reasoning that giving a municipality statutorily adequate notice is a condition precedent to a civil action and said condition may not be waived)).[4]  Indeed, "failure to provide proper notice is fatal to a suit brought under § 45-15-9." <u>Prout</u>, 996 A.2d at 1142.  This requirement on the part of the General Assembly may result in harsh consequences and preclude the resolution of a valid claim in our courts.

"The notice requirement set forth in § 45-15-9 is intended to facilitate timely and efficient investigation into a municipality's liability." <u>Prout</u>, 996 A.2d at 1142-43.  Although the notice need not "fix the exact location of the defect," it must describe the setting in a "reasonably sufficient manner." <u>Lahaye v. City of Providence</u>, 640 A.2d 978, 980 (R.I. 1994) (citing <u>Malo v. McAloon</u>, 65 R.I. 26, 31, 13 A.2d 245, 247 (1940)); <u>see</u> <u>Mushnick v. City of Providence</u>, 692 A.2d 700, 700 (R.I. 1997) (mem.) (holding that "a general statement [of where the injury occurred] did not comply with the notice requirement").  "[W]hen a notice of claim fails to provide substantial certainty about the time and place of the injury and the character and nature of the defect that caused it, a suit for failure to maintain the property cannot be preserved." <u>Prout</u>, 996 A.2d at 1143.  In <u>Prout</u>, for example, this Court deemed insufficient a notice that "merely recited that [a plaintiff] 'was at or near Glenham Street'" when she was injured because "[t]he phrase 'at or near' is vague and imprecise and does not describe the location of the injury in any meaningful way." <u>Id.</u>  As the trial justice in this case noted, "[t]he requirements of [§] 45-15-9 must be strictly obeyed and * * * the notice requirement is a condition precedent to

---

[4] <u>See</u> <u>also</u> <u>Barroso</u>, 106 R.I. at 506, 261 A.2d at 279 (determining that the General Assembly may, as a condition precedent to access to the courts, require that a written notice of claim for injuries be presented to the municipal authorities within some specified period after the injuries were sustained).

the plaintiff's right of action."

Our precedent is clear. In this case, plaintiff failed accurately to describe the place of injury. The first notice incorrectly described a "[s]idewalk and street outside of the Coventry Credit Union at the corner of Railroad Street and Summer Street." The second notice stated that plaintiff fell in a hole "on Winter Street parallel to Railroad Street in the Town of Lincoln/Manville, Rhode Island." Although the statute does not require "complete accuracy," this notice is deficient in more than one respect and neither the first nor the second notice identifies the location of the defect in a reasonably sufficient manner.

Furthermore, even if plaintiff correctly had described the streets as perpendicular, the notice nevertheless fails to meet the "reasonably sufficient" standard articulated by this Court because it fails to specify on which of the four corners of that cross-section of streets the injury was and omits any description of how close to the corner, or how far from Winter Street, the injury occurred. Because the description provided in the notice excluded the actual area where the injury occurred, we agree with the trial justice that "[p]laintiff's notice did not fix the location in a [reasonably] sufficient manner."

The statute clearly and unambiguously requires that the notice of claim must be specific, therefore the notice in the case at bar must be deemed insufficient. See § 45-15-9; Prout, 996 A.2d at 1143. For this reason, we affirm the grant of summary judgment in favor of the defendants.

**Conclusion**

For the reasons stated, we affirm the grant of summary judgment and direct that the papers in this case be remanded to the Superior Court.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**    Maria Carbone v. John Ward, in his capacity as Finance Director for the Town of Lincoln et al.

**CASE NO:**    No. 2011-276-Appeal.
(PC 08-4054)

**COURT:**    Supreme Court

**DATE OPINION FILED:**    December 7, 2012

**JUSTICES:**    Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia JJ.

**WRITTEN BY:**    Associate Justice Maureen McKenna Goldberg

**SOURCE OF APPEAL:**    Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Brian P. Stern

**ATTORNEYS ON APPEAL:**

For Plaintiff:  Ronald J. Creamer, Esq.

For Defendant:  Melody Alger, Esq.