**Supreme Court**

No. 2016-48-Appeal.
(PC 15-196)

Frances Ahearn                  :

v.          :

City of Providence, by and through its    :
Finance Director, Lawrence J. Mancini.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Frances Ahearn              :

            v.              :

City of Providence, by and through its       :
Finance Director, Lawrence J. Mancini.

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Goldberg, for the Court.**   This case came before the Supreme Court on February 7, 2018, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  The plaintiff, Frances Ahearn (plaintiff or Ahearn), appeals from a final judgment granting summary judgment in favor of the defendant, the City of Providence (defendant or the city), on the plaintiff's amended complaint. After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown and that this case should be decided without further briefing or argument.  We affirm the judgment of the Superior Court.

**Facts and Travel**

On October 28, 2013, Ahearn, who at that time was seventy-nine years old, was walking on or near Charles Street in Providence when she tripped and fell on what she described as "an oversized crack in the cement located beside the first tree."  As a result of her fall, plaintiff suffered injuries.  On October 31, 2013, plaintiff filed a notice of claim with the Providence City

- 1 -

Council, pursuant to G.L. 1956 § 45-15-9.[1]  It is this notice of claim that brings the parties before this Court.  In her notice, plaintiff stated:

> "On October 28, 2013 Ms. [Ahearn] was walking on Charles Street about 100 feet from the *95 North Exit 23 off ramp*.  At which point Ms. [Ahearn] fell due to an oversized crack in the cement located beside the first tree.  She sustained a broken right arm and a concussion.  The full extents [*sic*] of her injuries are as of yet unknown."  (Emphasis added.)

The record discloses that, after the city received plaintiff's notice of claim, it attempted to investigate the claim and ascertain the site of plaintiff's alleged fall.  The city was unable to fix the fall site, however, because the location described in plaintiff's notice of claim does not exist; specifically, a Route 95 North Exit 23 does not exit onto Charles Street.[2]

On January 15, 2015, plaintiff filed a complaint in Superior Court alleging that she fell and sustained injuries due to the city's negligence in maintaining its sidewalk located "on or near Charles Street about 100 fee[t] from the 95 *North* Exit 23 off ramp, in the City of Providence * * *."  (Emphasis added.)  Shortly thereafter, on March 18, 2015, plaintiff moved to amend her complaint to change the location of her fall to "on or near Charles Street about 100 feet from the 95 *South* Exit 23 off ramp, in the City of Providence * * *."  (Emphasis added.)  The motion to amend was granted, and the city filed a motion for summary judgment arguing that plaintiff's

---

[1] General Laws 1956 § 45-15-9(a) provides:

> "A person so injured or damaged shall, within sixty (60) days, give to the town by law obliged to keep the highway, causeway, or bridge in repair, notice of the time, place, and cause of the injury or damage; and if the town does not make just and due satisfaction, within the time prescribed by § 45-15-5, the person shall, within three (3) years after the date of the injury or damage, commence his or her action against the town treasurer for the recovery of damages, and not thereafter."

[2] Route 95 North Exit 23 actually exits onto Route 146 North and Orms Street.

notice of claim alleged that she had fallen at a location that does not exist and, therefore, the notice was defective and could not be cured because the sixty-day limitations period set forth in § 45-15-9 had expired. The plaintiff objected to the city's motion for summary judgment, and a hearing was held on October 6, 2015. The city asserted that, pursuant to § 45-15-9, plaintiff's claim should be dismissed because her notice "excludes the actual area where the accident occurred," and is therefore "inadequate as a matter of law[.]" Conversely, plaintiff argued that the city is a "sophisticated entity" and could have been on notice of the location of plaintiff's fall by simply looking at a map. The plaintiff further contended that the caselaw requires only that a plaintiff state where she fell in a reasonably sufficient manner, and that the court should consider the notice of claim as a whole. The trial justice stated that "[a] notice of claim that fails to describe with sufficient specificity of location where the incident giving rise to the claim occurred is defective as a matter of law." Although he recognized that granting summary judgment in favor of defendant was a harsh result, the trial justice concluded that identifying the wrong highway exit direction in the notice rendered plaintiff's notice inadequate, and granted defendant's motion. Plaintiff filed a timely appeal on November 12, 2015.

On appeal, plaintiff argues that, despite the fact that her notice did not provide the exact location of her fall, it is nonetheless adequate because it describes the defect in the sidewalk in a reasonably sufficient manner. The city contends that the notice fails because it does not indicate the actual area where plaintiff's fall occurred, and that plaintiff's amended complaint could not cure the defective notice because it was filed outside the sixty-day limitations period for filing a notice of claim under § 45-15-9.

**Standard of Review**

This Court reviews a trial justice's decision granting summary judgment *de novo. See Sola v. Leighton*, 45 A.3d 502, 506 (R.I. 2012); *Lynch v. Spirit Rent-A-Car, Inc.*, 965 A.2d 417, 424 (R.I. 2009). "Only when a review of the admissible evidence viewed in the light most favorable to the nonmoving party reveals no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law, will this Court uphold the trial justice's grant of summary judgment." *National Refrigeration, Inc. v. Standen Contracting Company, Inc.*, 942 A.2d 968, 971 (R.I. 2008) (quoting *Carlson v. Town of Smithfield*, 723 A.2d 1129, 1131 (R.I. 1999)). Moreover, "[s]ummary judgment is appropriate only when the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as [a] matter of law.'" *Sola*, 45 A.3d at 506 (quoting *Plunkett v. State*, 869 A.2d 1185, 1187 (R.I. 2005)).

**Analysis**

As a threshold matter, we first address the validity of plaintiff's amended complaint filed on April 8, 2015, which plaintiff avers is curative of her geographically inaccurate October 31, 2013 notice of claim. A notice filed pursuant to § 45-15-9(a) may be amended within the sixty-day period set forth in the statute. *See Carbone v. Ward*, 56 A.3d 442, 446 (R.I. 2012); *Prout v. City of Providence*, 996 A.2d 1139, 1143 (R.I. 2010). In this case, plaintiff did not move to amend her claim until nearly two years after her initial notice was filed with the city. It is undeniable that plaintiff filed her amended complaint setting forth a revised location outside of the prescribed statutory time frame, and thus we deem this April 8, 2015 attempt to amend her notice of claim invalid.

Section 45-15-9(a) requires an injured person to provide notice to the city of "the time, place, and cause of the injury or damage" within sixty days from the time of injury. The plaintiff contends that, despite not providing the exact location of the defect that she alleges caused her fall, she nonetheless described the location in a reasonably sufficient manner, and that the city should consider her claim as a whole. Although plaintiff contends that the notice language leads to only two possible locations where the sidewalk defect could be found—either on Orms Street or Charles Street—we are of the opinion that the Legislature relieved the city of having to engage in guesswork or to canvass the neighborhood to eliminate potential fall sites when it enacted § 45-15-9(a). The statute is clear and unambiguous in providing a notice requirement for actions brought under § 45-15-9(a), and should be construed in accordance with its plain and ordinary meaning. *See Pawtucket Transfer Operations, LLC v. City of Pawtucket*, 944 A.2d 855, 859 (R.I. 2008).

Our precedent is clear and unyielding. This Court has consistently held "that the requirements of § 45-15-9 must be strictly obeyed and that the notice requirement is a condition precedent to the plaintiff's right of action, * * * and may not be waived." *Carbone,* 56 A.3d at 445 (quoting *Moseley v. Fitzgerald*, 773 A.2d 254, 258 (R.I. 2001)). Moreover, "[i]t is well settled that compliance with these statutory requirements is a condition precedent that must be satisfied for a plaintiff to maintain a suit against the municipality." *Id.* at 446 (quoting *Prout*, 996 A.2d at 1142). Although a notice "need not 'fix the exact location of the defect,' it must describe the setting in a 'reasonably sufficient manner.'" *Id.* at 447 (quoting *Lahaye v. City of Providence*, 640 A.2d 978, 980 (R.I. 1994)).

The plaintiff argues that this Court's reasoning in *Carbone* does not apply to the instant case because the location of her fall does not involve a four-corners intersection. *See Carbone*,

56 A.3d at 445. In *Carbone*, this Court held that the plaintiff failed to accurately describe the place of injury because the notice described two streets as parallel to each other, rather than perpendicular, and failed to describe the four corners of the appropriate intersection at which the injury occurred. *Id.* at 447. The plaintiff's narrow interpretation of *Carbone* is misplaced. We conclude in this case that plaintiff's error in describing the entirely wrong exit and highway direction, and a location that is geographically nonexistent, is far more egregious than the plaintiff's error in *Carbone*. This Court has also held that "failure to provide proper notice is *fatal* to a suit brought under § 45-15-9." *Id.* (emphasis added) (quoting *Prout*, 996 A.2d at 1142).

In light of the clear and unambiguous nature of § 45-15-9(a), and the overwhelming precedent in our jurisdiction, we conclude that the plaintiff failed to provide notice of the location of her injury in a "reasonably sufficient manner" when she directed the city to a nonexistent location. *See Carbone*, 56 A.3d at 447; *Lahaye*, 640 A.2d at 980. Accordingly, we conclude that the plaintiff failed to satisfy the statutory requirements necessary to maintain the action, and as a result her claim must fail. *See* § 45-15-9(a). We recognize that our holding procures a harsh result; however, we decline to disturb the clear intent of the Legislature.

## Conclusion

For the reasons set forth herein, we affirm the judgment of the Superior Court. The papers may be remanded to the Superior Court.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Frances Ahearn v. City of Providence, by and through its Finance Director, Lawrence J. Mancini. |
| **Case Number** | No. 2016-48-Appeal. (PC 15-196) |
| **Date Opinion Filed** | April 11, 2018 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Richard A. Licht |
| **Attorney(s) on Appeal** | For Plaintiff: <br><br> Derrin R. Almada, Esq. <br> Benjamin A. Pushner, Esq. <br><br> For Defendant: <br><br> Noah J. Kilroy, Esq. |